JOSEPH S. MONIZE *vs.* MANUEL P. BEGASO.·

Essex.　November 10, 1905. — January 3, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Assault and Battery. Evidence,* Opinion: experts.

In an action for assault and battery in which the defendant pleaded self defence in justification, it appeared that the plaintiff and the defendant were fishermen, and that a quarrel arose between them when each was in his dory, that the plaintiff rowed toward the defendant and threw three or four oars at him in harpoon fashion, one after another, whereupon the defendant, who easily could have pulled away, tried to pull the plaintiff on board his boat, and, failing in that, jumped into the plaintiff's boat, threw the plaintiff face down over one of the thwarts, and, holding him in that position by the hair of his head, "punched" him eight or nine times as hard as he could, saying, on cross-examination, that he meant business when the plaintiff offered to fight and that he shifted hands while striking him. *Held,* that the defendant exceeded the degree of force justified by the occasion, and that the jury properly were instructed that the defendant was liable for the assault.

In an action for an assault and battery the attending physician was called as a witness by the plaintiff, and, being asked how seriously the plaintiff was injured, answered "quite seriously." The presiding judge requested the witness to answer the question in such a way as to show what he considered serious, whereupon he answered that he was afraid a clot or something of that nature might form upon the brain. This was objected to by the defendant and admitted by the judge. *Held,* that the answer was admitted.properly as tending to throw light upon what in the opinion of the witness was the extent of the plaintiff's injuries.

TORT, for assault and battery. Writ dated October 6, 1902.

The answer contained a general denial, and alleged self defence in that the defendant merely repelled an attack upon him by the plaintiff, using no more force than was necessary. At the trial in the Superior Court before *Hardy*, J. the evidence disclosed the facts stated in the opinion. The judge instructed

the jury that the force used by the defendant was unjustifiable, and that the defendant was liable. During the trial the judge admitted, against the objection and exception of the defendant, the answer, which is stated in the opinion, of the physician who attended the plaintiff during the illness which followed his injuries. The jury returned a verdict for the plaintiff in the sum of $462.50 ; and the defendant alleged exceptions.

*M. J. McNeirny*, for the defendant.

*W. A. Pew, Jr.*, (*J. M. Marshall* with him,) for the plaintiff.

MORTON, J. It was undisputed that, on the day of the alleged assault, the plaintiff and the defendant were each in a small boat, called a dory, engaged in hauling lobster pots off Eastern Point in Gloucester. There had been a previous misunderstanding between them. The plaintiff made an insulting gesture to the defendant, to which the defendant responded in like manner. The plaintiff then held up his fists in a threatening manner and rowed down towards the defendant, and, when near him, threw an oar at him in harpoon fashion and followed it up by throwing two or three others. The defendant stood ready with an oar to defend himself, but only used it to ward off those thrown at him by the plaintiff. The plaintiff's dory in the meantime drew alongside the defendant's dory, but the defendant, instead of rowing away as he could easily have done after the plaintiff had thrown his oars at him, tried to pull the plaintiff on board his own boat with a gaff, and, failing in that, jumped aboard the plaintiff's boat, when they clinched, and the defendant threw the plaintiff so that he fell face down, as the defendant meant he should, over one of the thwarts, and the defendant held him in that position by the hair of the head and " punched " him eight or nine times as hard as he could. The defendant further said on cross-examination that " the man had been imposing upon him ; that he was going to punish him a little mite ; that the man was aggravating him and he would not stand all that; that he meant business when the plaintiff offered to fight; that he shifted hands while striking him." He also testified on cross-examination, " that he was sorry afterwards, when he saw the plaintiff's face and realized when he turned around that he was pretty badly hurt." It is plain, we think, that the assault was unjustifiable, and in no proper sense in his own defence. At the time when

it took place there was nothing whatever to prevent the defendant from rowing away and leaving the plaintiff. He not only did not try to do that, but tried first to pull the plaintiff into his own boat, and, failing in that, jumped into the plaintiff's boat, and when he had him at his mercy, proceeded to punish him because he had aggravated him. The fact that he supposed that the plaintiff had a knife because all lobster fishermen have one to cut bait with did not justify him. It was not shown that the plaintiff had a knife, or that, if he had, he made any movement or threat to use it. Neither did the fact that the plaintiff was willing to fight and provoked the assault and assaulted the defendant first justify him in continuing the assault when it was evident that it was no longer necessary to do so for the purposes of self defence. Ordinarily the question how far a party may properly go in self defence is a question for the jury, not to be judged of very nicely, but with due regard to the infirmity of human impulses and passions. But where, as here, taking the case most favorably for the defendant, it is plain that he exceeded the limits justified by the occasion, it was the duty of the judge so to rule and instruct the jury.

The attending physician was called as a witness by the plaintiff and was asked how seriously the plaintiff was injured and answered " quite seriously." The presiding judge requested the witness to answer the question in a little different way so as to get at what he considered as serious, and the witness answered that he was afraid a clot or something of that nature might form upon the brain. This was objected and excepted to by the defendant. The answer was properly admitted, we think, as tending to throw light upon what, in the opinion of the witness, was the extent of the plaintiff's injuries.

The result is that the exceptions must be overruled.

*So ordered.*