## JAMES JOHNSON *vs.* GARDINER H. SHAW.

Suffolk.    November 12, 1909. — January 6, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Conduct of trial. *Rules of Court. Witness. Agency,* Proof of. *Negligence,* In use of highway. *Law of the Road. Automobile.*

Two actions of tort were brought by the same plaintiff against different defendants for injuries received by reason of the collision of an automobile with a bicycle which the plaintiff was riding. The first action was against the owner of the automobile driven by a person alleged to be the servant of the owner. The other action was against the hirer of the automobile driven by the same person alleged to be the servant of the hirer. The two actions were tried together by order of court, but the plaintiff in the two cases was represented by different counsel. A witness was called and examined by the counsel for the plaintiff in the first case, and, after having been examined by the counsel for the respective defendants, by permission of the presiding judge and against the exception of the defendant in the second case, was examined by the counsel for the plaintiff in the second case. The excepting defendant contended that this was contrary to Rule 51 of the Superior Court, which provides that "the

examination and cross-examination of each witness shall be conducted by one counsel only on each side." *Held,* that the rule did not control the discretionary power of the judge to direct the conduct of the trial in a just and orderly way, and that the exercise of his discretion in this case was right, as it would have been unjust to limit the plaintiff's right of examination of the witness to his counsel who was trying to establish the theory that the driver of the automobile was the servant of the owner and to permit no examination by his counsel in the other case who was trying to establish the opposite theory that the driver was the servant of the hirer.

In an action for personal injuries from being run into by an automobile, driven by a person alleged to be the servant of the defendant, while the plaintiff was riding a bicycle on a public way in a town, it appeared that the place where the accident occurred was at or near the junction of two streets intersecting at right angles, and that the driver of the automobile was turning it around so as to go back in an opposite direction upon the same street on which he came. The defendant asked the judge to rule that the law of the road contained in R. L. c. 54 did not apply to the place where the accident occurred. The judge refused to make this ruling in terms, but instructed the jury as follows : " You are to take all the evidence, all the circumstances, and determine whether he [the driver of the automobile] was doing anything he ought not to have done, that an ordinarily reasonable and prudent man would not have done under all the circumstances. He had a right to make that turn. He had a right to use any part of the street that he was coming into, subject only to the rights of other people who might be there. If two vehicles meet in a street, it is the duty of each one of them, as seasonably as they can, to get each on his own right hand side of the travelled way of that street. But that law does not compel a man always to be on the right [hand] side. He can use any part of the street, so long as he is not interfering with the rights of other people, and the fact this happened on the right hand side of the street is only another piece of evidence to be considered by you. You are to consider whether P. [the driver] was endeavoring, in making a turn, to get on the right hand side near the hydrant, where under certain circumstances he properly belonged." *Held,* that the instruction given was a proper presentation of the law applicable to the evidence.

TORT against Gardiner H. Shaw for injuries from being run into by an automobile driven by one Peterson, alleged to be the servant of the defendant, while the plaintiff was riding a bicycle on Beacon Street Boulevard, a public way in the town of Brookline, at about eleven o'clock in the morning of July 3, 1904. Writ dated May 7, 1907.

Previously, by a writ dated April 5, 1905, the plaintiff had brought an action for the same injuries against the Pope-Robinson Company, a corporation, which was the owner of the automobile hired and used by the defendant in the present case.

By an order of the Superior Court, made at the plaintiff's request, the two actions were tried together before *Brown,* J.

The writ in the action against the Pope-Robinson Company was indorsed by Whipple, Sears and Ogden, as attorneys for the plaintiff, and the writ against the defendant Shaw was indorsed by Taylor and Thierry, as attorneys for the plaintiff. At the trial the plaintiff in the action against the corporation was represented by Charles W. Bond, Esquire, and in the action against the defendant Shaw the plaintiff was represented by Louis S. Thierry, Esquire, both of these counsel being present in court and taking part in the trial.

The course of the trial, so far as it is material to the bill of exceptions, is described in the opinion. In the case against the defendant Pope-Robinson Company the jury returned a verdict for that defendant. In the case against the defendant Shaw the jury returned a verdict for the plaintiff in the sum of $2,200; and that defendant alleged exceptions, raising the two questions which are considered in the opinion.

*F. H. Chase*, for the defendant, submitted a brief.

*L. S. Thierry*, for the plaintiff.

KNOWLTON, C. J. The plaintiff brought two different actions, through different attorneys, to recover for a single injury from a collision of an automobile with his bicycle. One of these actions was against the owner of the automobile, which was then being driven by a person employed by him as a servant, and the other was against the hirer of the automobile, who paid a round price per day for the machine and the person who accompanied it. It was a question which of the defendants was the master of this person, with a right to control his movements in the management of the machine at the time of the accident. These two actions were tried together by order of the court. A witness called and examined by the attorney of the plaintiff in one of the cases, after being examined by the defendants, was examined by the attorney for the same plaintiff in the other case, by permission of the presiding judge, subject to the defendant's exception. The first question arises upon this exception. There was a dispute as to whether the servant was authorized by the owner to drive this automobile.

It is contended by the defendant that Rule 51 of the Superior Court, which provides that " the examination and cross-examination of each witness shall be conducted by one counsel only on

each side," etc., is applicable to this case. We are of opinion that it is not; at least, that it is not controlling of the decision of the judge in directing the trial in a just and orderly way, when the facts are such as appear in this case. The two cases of the plaintiff were not only against different defendants, but, upon an important matter affecting the liability of the defendants, they proceeded upon inconsistent theories of facts which presumably the plaintiff could not ascertain before the trial. In one of the cases the plaintiff's right to recover depended upon proof that the driver of the automobile was the servant of the owner. In the other he could not recover without proof that he was not at that time the servant of the owner, but was the servant of the hirer. Under these circumstances it would have been unjust to limit the plaintiff's right of examination of the witness to the attorney who was trying to establish one theory, and permit no examination by the attorney who was trying to establish the opposite theory. This exception must be overruled.

The only other question argued is to the refusal of the presiding judge to give, in terms, a ruling requested by the defendant, that the "Revised Laws, c. 54, does not apply to the place where the accident complained of occurred." This place was at or near the junction of two streets that run at right angles to each other, and the driver of the automobile was turning around so as to go back in an opposite direction upon the same street on which he came. The judge did not, in any part of his charge, put the plaintiff's right to recover upon the law of the road, which is the statute referred to. He said to the jury, " you are to take all the evidence, all the circumstances, and determine whether he was doing anything he ought not to have done, that an ordinarily reasonable and prudent man would not have done under all the circumstances. He had the right to make that turn. He had a right to use any part of the street that he was coming into, subject only to the rights of other people who might be there. If two vehicles meet in a street, it is the duty of each one of them, as seasonably as they can, to get each on his own right hand side of the travelled way of that street. But that law does not compel a man always to be on the right side. He can use any part of the street, so long as he is not interfering with the rights of other people, and the fact this happened

on the right hand side of the street is only another piece of evidence to be considered by you. You are to consider whether Peterson was endeavoring, in making a turn, to get on the right hand side near the hydrant, where under certain circumstances he properly belonged." This was a proper presentation of the law applicable to the evidence.

*Exceptions overruled.*