FRANK M. COATES *vs.* JOHN L. BATES.

Essex. November 13, 1928. — January 3, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Contributory, In use of way, Motor vehicle. *Evidence,* Opinion: expert; Competency. *Practice, Civil,* Requests, rulings and instructions.

At the trial of an action of tort for personal injuries sustained when an automobile in which the plaintiff was riding and an automobile of the defendant collided while passing each other from opposite directions, there was conflicting evidence as to the position of each automobile with reference to the center line of the way and as to whether or not there was projecting luggage strapped on the left running board of the defendant's automobile. The trial judge instructed the jury that all travellers on the way must exercise reasonable care in the circumstances; that the presence of luggage on the running board of the defendant's automobile was not of itself negligence, even if it projected, and that the question, whether its presence entailed greater care on the operator of that automobile, was for the jury; that it was evidence, not con-

clusive, of negligence if an automobile were driven to the left of the center of the way when passing another automobile, and that travellers on the way had a right to rely to some extent upon the exercise of due care by other travellers. *Held*, that

(1) Testimony by a physician who performed an operation on the plaintiff, that the operation was a "serious" one, properly was admitted;

(2) Requests for rulings by the defendant, relating to his right to carry luggage on his automobile, his right to rely on the exercise of due care by other travellers, and the duty of vehicles to keep to the right of the center of the way when passing other vehicles, were sufficiently covered by the instructions given;

(3) The questions, whether the drivers of the respective automobiles were guilty of negligence, were for the jury.

A judge presiding at the trial of an action is not required to give specific instructions to the jury respecting possible findings from particular parts of the evidence.

TORT for personal injuries sustained in a collision between the automobile in which the plaintiff was riding and an automobile of the defendant. Writ dated June 20, 1922.

Material evidence, portions of the judge's charge, and exceptions saved by the defendant at the trial in the Superior Court before *Greenhalge*, J., are described in the opinion. The defendant's seventh, eighth, ninth and tenth requests for rulings were as follows:

"7. If the defendant's automobile, at the time the automobile in which the plaintiff was riding collided with the defendant's automobile, was on its right of the middle line of the travelled way, the plaintiff cannot recover.

"8. If the collision between the defendant's automobile and the car in which the plaintiff was riding was caused solely by the driver of the car in which the plaintiff was riding driving on the left of the middle line of the road upon which the two cars were travelling, while there was room for the car in which the plaintiff was riding on the right of the middle line of the road, then the plaintiff cannot recover.

"9. If the defendant's automobile was being properly driven on its own side of the road, meaning on the right of the middle line of the way as it was going, and there was reasonable room for the car in which the plaintiff was riding on its right of the middle line of the road and the

collision occurred on the defendant's side of such middle line, the plaintiff cannot recover.

"10. The fact of the collision is not evidence of negligence, though if the collision took place on the defendant's side of the road, that is, on the left hand side of the middle line of the road as the car in which the plaintiff was riding was travelling, that is evidence of negligence on the part of the driver of the car in which the plaintiff was riding."

The jury found for the plaintiff in the sum of $10,211.73, and the defendant alleged exceptions.

The case was submitted on briefs.

*H. R. Mayo,* for the defendant.

*G. A. Sullivan,* for the plaintiff.

CROSBY, J. This is an action to recover for personal injuries, received by the plaintiff while riding in an automobile, in Hampton, in the State of New Hampshire.

At the time of the accident, which occurred about 11:15 in the evening, the automobile was operated by one Chester F. Horne, a nephew of the plaintiff. There was evidence offered by the plaintiff tending to show that when Horne first saw the defendant's automobile it was six hundred fifty feet away, coming toward him travelling in the center of the road; that it did not change its direction or speed, and as the automobiles passed each other there was a collision, the automobile in which the plaintiff was riding "shot across the street into the embankment on its extreme left" side, and its occupants were thrown out, as a result of which the plaintiff's leg was broken; that on the left running board of the defendant's automobile a camping outfit was strapped which projected six or eight inches, and that it collided with the automobile in which the plaintiff was riding; that the latter was travelling at a speed of about fifteen miles an hour and at the time of the accident was on the extreme right side of the road.

The defendant offered evidence tending to show that his automobile was being operated at a speed of about fifteen to eighteen miles an hour, and was travelling on the right side of the road as he proceeded; that there was ample room for the automobiles to pass if the automobile in which the

plaintiff was riding had not been driven over the center line of the road; that it "shot to its left, scratched by the defendant's car and then shot into the banking at the defendant's right, but on the extreme left as the plaintiff was going, the Ford car going in the rear of the defendant's car"; and that there was no camping equipment attached to the left running board of the defendant's automobile.

All witnesses, both for the plaintiff and defendant, who testified on the subject stated that the point of impact was on the defendant's automobile at a place on the left front mud guard four feet from the front, where there was a slight dent, and on the automobile in which the plaintiff was riding on the front wheel hub on the left side. The defendant testified that at the place of the accident the road was about eighteen feet wide. The jury returned a verdict for the plaintiff.

The case is before this court on an exception to the admission of certain evidence and to the refusal of the presiding judge to give the defendant's fourth, fifth, sixth, seventh, eighth, ninth and tenth requests for rulings. We shall consider the exceptions in the order in which they are argued on the defendant's brief.

1. A physician, who had performed an operation on the plaintiff's leg, after describing the operation was asked by the plaintiff's counsel, "Now, Doctor, is that a serious operation?" His answer was, "Yes." This question was admitted subject to the defendant's exception. The qualification of the witness to answer is not in issue. The evidence was properly admitted to show the extent of the plaintiff's injuries. *Monize* v. *Begaso*, 190 Mass. 87, 89. It did not appear that the defendant's counsel was precluded from interrogating the witness for the purpose of elucidating and explaining the reasons upon which the opinion of the witness was based. See *Linton* v. *Hurley*, 14 Gray, 191. The case of *Commonwealth* v. *Burton*, 183 Mass. 461, 473, is not applicable to the facts in the case at bar.

2. The fourth and fifth requests were in substance that the defendant had a right to carry luggage on his automobile, and projecting therefrom as he desired, so long as it did not unreasonably interfere with the use of the highway by other

travellers, and that he had a right to assume that other travellers would exercise reasonable care to avoid coming in contact with the automobile or any luggage projecting therefrom. The judge, in substance, gave this instruction. He told the jury that "the mere fact that the running board of an automobile carries baggage is not negligence of itself, even if it projects beyond the running board; while not in itself negligence yet you might find or you might not find that because of that fact it entailed somewhat greater care upon the person operating the automobile; but the question whether that existed or not is for you." The judge had previously instructed the jury that it was the duty of all travellers upon the highway to exercise reasonable care under all the circumstances.

3. The sixth request is based upon the assumption that the plaintiff's automobile collided with the mud guard of the defendant's automobile before the former had reached the point where the luggage was placed on the running board, and that such collision caused the overturning of the automobile. Full and accurate instructions were given upon this subject; the judge was not required to give specific directions respecting possible findings from particular parts of the evidence upon a single issue. As was said by Knowlton, J., in *Hicks* v. *New York, New Haven & Hartford Railroad,* 164 Mass. 424 at page 428, "It is largely a matter of discretion for the presiding judge as to how far he will discuss different phases of the testimony upon a particular subject and give specific instructions, each founded upon only a part of the testimony bearing upon the subject." *Brown* v. *Harrington,* 208 Mass. 600, 602. *Bourne* v. *Whitman,* 209 Mass. 155, 164.

4. The seventh, eighth, ninth and tenth requests related generally to the rights and duties of the parties respectively in the use of the highway at the time of the collision. The jury were told that a traveller has a right to pass and repass over the highway, and over all parts of it, subject to the duty so to exercise that right as not to injure other travellers in the exercise of a similar right. These instructions were in accordance with well settled principles. *Kerr* v. *Boston*

*Elevated Railway,* 188 Mass. 434, 436.  *Johnson* v. *Shaw,* 204 Mass. 165, 168.  *Rice* v. *Lowell Buick Co.* 229 Mass. 53, 56, 57.  Each party contended that the other violated the law of the road (G. L. c. 89, § 1) by not driving his motor vehicle to the right of the middle of the travelled part of the way.  The evidence was conflicting, not only as to the position upon the highway of the respective automobiles, but as to many other material facts.  Upon this aspect of the case the judge instructed the jury, in substance, that persons travelling upon a way when passing each other were required to keep to the right of the travelled way.  Upon the questions of due care and negligence each party had a right to rely to some extent upon the exercise of due care by the other, but neither could wholly rely upon it.  If the plaintiff was travelling upon the left side of the road, it was evidence of negligence but not conclusive, and the judge in substance so instructed the jury.  *Newcomb* v. *Boston Protective Department,* 146 Mass. 596, 600.  *Perlstein* v. *American Express Co.* 177 Mass. 530, 531.  *Johnson* v. *Shaw, supra.*  *Bourne* v. *Whitman, supra.*

The evidence upon the issues of due care and negligence was conflicting.  The questions involved were properly submitted to the jury upon instructions which, so far as appears, were without error.  As we perceive no error of law in the conduct of the trial, the entry must be

*Exceptions overruled.*