# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTIES OF BRISTOL, PLYMOUTH, BARNSTABLE AND DUKES COUNTY, OCTOBER TERM 1855, AT PLYMOUTH.

———

#### PRESENT:

Hon. LEMUEL SHAW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. BENJAMIN F. THOMAS, } Justices.
Hon. PLINY MERRICK,

---

## WILLIAM H. BROWN & wife vs. SAMUEL NICKERSON.

*An action of slander lies for charging a woman with drunkenness.*

ACTION OF TORT for slander, by charging the female plaintiff of the crime of being drunk by the voluntary use of intoxicating liquor, by words spoken of her substantially as follows: " She drinks rum and gets drunk, and she got drunk and laid drunk a week. She is mad with the neighbors because they will not let her have liquor. She will get drunk whenever she can get liquor." The defendant demurred to the declaration, because it set forth no cause of action.

VOL. V.        1

*J. M. Day*, for the defendant. In order to maintain an action for words charging an offence, it is not sufficient that the charge tends to discredit the plaintiff and bring him into disgrace, but the charge must be of an indictable offence, punishable corporally, and not simply by fine. 1 Stark. Sland. 21, 30, 39, 42, 43. *Chaddock* v. *Briggs*, 13 Mass. 250. *Bloss* v. *Tobey*, 2 Pick. 328. *Miller* v. *Parish*, 8 Pick. 384. *Billings* v. *Wing*, 7 Verm. 439. *Elliot* v. *Ailsbury*, 2 Bibb, 473. In Massachusetts, the punishment of the crime of drunkenness is simply by fine. Rev. Sts. *c.* 130, § 18. The case of *Miller* v. *Parish*, 8 Pick. 384, in which an action of slander was maintained for charging an unmarried woman with fornication, was decided while the *St.* of 1785, *c* 66, was in force, by which any person convicted of fornication, and declaring inability to pay a fine, was punishable, if a man, by whipping, and if a woman, by imprisonment.

*G. Marston*, for the plaintiffs. The words spoken are actionable, because they charge the female plaintiff with a punishable offence. *Bloss* v. *Tobey*, 2 Pick. 327, 328. *Miller* v. *Parish*, 8 Pick. 385. *Woodbury* v. *Thompson*, 3 N. H. 194. *Frisbie* v. *Fowler*, 2 Conn. 707. The charge of a misdemeanor is sufficient, if involving moral delinquency. *Alexander* v. *Alexander*, 9 Wend. 141. *Young* v. *Miller*, 3 Hill, 21. Cases above cited. But, without regard to the degree of the offence, the words are actionable, because they are prejudicial to the standing of the plaintiff in society, and also impute a punishable offence. *Smale* v. *Hammon*, 1 Bulst. 40. *Baker* v. *Pierce*, Cas. temp. Holt, 654, 2 Ld. Raym. 960, and 6 Mod. 24. 1 Stark. Sland. 16, 18, 21, 30

METCALF, J. By the law of this Commonwealth, (however it may be elsewhere,) it is actionable to charge a person falsely and maliciously with an offence that may subject him to a punishment which will bring disgrace upon him, though the punishment be not in itself infamous. *Miller* v. *Parish*, 8 Pick. 385. In that case it was decided that a charge against a woman, of an offence that was then punishable by a small fine, was actionable; a punishment for that offence necessarily bringing her into disgrace. And that case is decisive of this. For whether the charge, which this demurrer admits that the defendant falsely and

maliciously made against the female plaintiff, be that she was a common drunkard, punishable by confinement in the house of correction, (Rev. Sts. *c.* 143, § 5,) or only that she was once drunk by the voluntary use of intoxicating liquor, and punishable by a fine of five dollars, (Rev. Sts. *c.* 130, § 18,) the charge is actionable ; for the punishment of a woman for either offence must bring disgrace upon her.      *Demurrer overruled.*