GEORGE H. BROWN vs. JOHN H. HARRINGTON.

Middlesex.    March 8, 1911. — May 18, 1911.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Libel and Slander.*

An entire page of a newspaper was covered with the following, with regard to the mayor of the city in which the newspaper was published, who was a candidate for re-election: A cartoon ,or caricature labelled " City Farm " and showing inmates emaciated, in various attitudes of dejection and despair, some sitting at a dining table and others rising in disgust or protest as a woman approached bearing a tray containing a small amount of food and a teapot.   Toward the tray hands pointed from the words, " Poor food," " Rancid butter," " Shadow tea " ; while just beside and behind the woman was depicted a large receptacle labelled, " Forty gallons of water to a pound of fifteen-cent tea."   At the top of the page above the picture were the words in very large type, " Saving on the city's poor is the meanest kind of economy " ; while underneath, in a little smaller type, were the words, " It is no crime to be poor, but it is wrong to stint the poor and the unfortunate."   Then followed this language in large print : " Mayor Brown forced a competent and humane board of charity out of office because it would not do his bidding, and he put in the present charity board, which has been cognizant of this outrage upon the poor and unfortunate inmates of our city farm.   In the name of humanity and public decency, let us go to the polls tomorrow, like men, and repudiate the mayor who has been solely responsible for this blot upon the fair name of our city."   In an action by the mayor against the publisher of the newspaper, the foregoing facts were alleged in the declaration, and there was evidence to prove them all.   *Held,* that the publication was actionable as a libel, and that the case was for the jury.

TORT for a libel, alleged to have been published in the Lowell Sun of December 13, 1909, as described in the opinion.   Writ dated December 13, 1909.

The defendant demurred to the declaration for the following reasons :

" 1. That the statements contained in the alleged libellous article, taken according to their natural import, contain nothing defamatory of the plaintiff.

" 2. That if the said alleged libel contains any defamatory statements, they were not made of and concerning the plaintiff in this action.

" 3. That the said alleged libellous article shows on its face that it was a criticism of a public officer, made at a time when he was seeking re-election, and that it was therefore privileged.

"4. That said alleged libellous article charges the plaintiff, as mayor of the city of Lowell, only with removing a competent board of officers and putting in another board, which as mayor of said city he had a right to do, and does not charge that the plaintiff had any improper purpose in so doing, nor that he had any knowledge of the manner in which the charity board treated the poor of Lowell."

The demurrer was heard by *Hardy*, J., and was overruled; and the defendant appealed.

The case was tried before *Fox*, J. The facts are stated in the opinion. The jury found for the plaintiff in the sum of $1,000; and the defendant alleged exceptions.

*F. W. Qua*, for the defendant.

*J. G. Hill*, for the plaintiff.

KNOWLTON, C. J. This is an action of tort for a libel published in a newspaper in Lowell. The questions before us arise on the defendant's appeal from an order overruling a demurrer to the declaration, and on exceptions to the refusal to order a verdict for the defendant at the close of the evidence, and a refusal to give certain instructions requested. The questions upon the appeal and the refusal to order a verdict for the defendant, are substantially the same, and the questions upon the other requests are kindred in character.

The publication was plainly defamatory. It covered an entire page of the newspaper and consisted of a cartoon or caricature labelled " City Farm " and showing inmates emaciated, in various attitudes of dejection and despair, some sitting at a dining table and others rising in disgust or protest as a woman approached bearing a tray containing a small amount of food and a teapot. Towards the tray hands point from the words, " Poor food," " Rancid butter," " Shadow tea " ; while just beside and behind the woman is depicted a large receptacle labelled, " Forty gallons of water to a pound of fifteen-cent tea." At the top of the page above the picture were the words in very large type, " Saving on the city's poor is the meanest kind of economy " ; while underneath, in a little smaller type, were the words, " It is no crime to be poor, but it is wrong to stint the poor and the unfortunate." Then followed this language in large print: " Mayor Brown forced a competent and humane board of charity

out of office because it would not do his bidding, and he put in the present charity board, which has been cognizant of this outrage upon the poor and unfortunate inmates of our city farm. In the name of humanity and public decency, let us go to the polls tomorrow, like men, and repudiate the mayor who has been solely responsible for this blot upon the fair name of our city." The plaintiff was then the mayor of the city and was a candidate for re-election.

It needs no argument to show that this publication would have a tendency to hold the plaintiff up to ridicule and contempt, and to inflict a serious injury upon his reputation. It represented the mayor as officially and personally responsible for a great wrong upon the dependent poor of the city of Lowell, and for bringing the city into disrepute for a failure to support its paupers properly. The declaration contains sufficient averments of the publication of the libel, and it is plain that the demurrer was rightly overruled. The evidence tended to prove all the allegations of the declaration, and a verdict for the defendant could not have been directed without doing violence to the law.

The defendant set up the truth as a justification, and relied upon his qualified privilege, founded on the fact that the plaintiff was a public officer and a candidate for re-election. The jury were given full and proper instructions covering both of these defenses. See *Commonwealth* v. *Pratt, ante,* 553. The special requests for instructions relied upon, need not be considered in detail. They selected different parts of the language of the publication from the rest of it and asked for an instruction as to each part, that if it was given a certain interpretation by the jury, a certain result would follow, which would leave the defendant without liability on account of it. Most, if not all of these suggested interpretations, were such as could not properly be given by the jury. Moreover, the judge was not called upon to select certain portions of the evidence bearing upon a certain charge, and to give instructions as to the effect of each portion taken by itself alone. *Hicks* v. *New York, New Haven, & Hartford Railroad,* 164 Mass. 424.

<em>Order affirmed; exceptions overruled.</em>