CHARLES R. BROWN *vs.* JOURNAL NEWSPAPER COMPANY.

Suffolk.    November 13, 1914. — December 29, 1914.

Present: RUGG, C. J., BRALEY, DE COURCY, & CROSBY, JJ.

*Libel and Slander.*

Articles published in a newspaper in Boston referring to the manner in which tax sales are conducted in that city and stating that "the sales are conducted primarily for the benefit of the tax-title sharks and there is open collusion between the sellers and the sharks," are actionable libels published of and concerning the tax collector of the city of Boston, who is the only person authorized by law to conduct tax sales in that city.

CROSBY, J. The questions involved in this case arise on the plaintiff's appeal from an order sustaining a demurrer to the declaration, which was in two counts and sought to recover damages for an alleged libel, and from the judgment entered for the defendant.

The first and second counts severally allege that the plaintiff is and for a long time past has been the duly appointed collector of taxes of the city of Boston, and further allege that the defendant published in its newspaper a false and malicious libel concerning the plaintiff. The articles in question are set forth in the respective counts.

These articles are clearly libellous. They refer to the manner in which tax sales are conducted in the city of Boston. The article set forth in the first count, after referring to certain persons "known familiarly at City Hall as 'tax-title sharks,'" proceeds to state that, "working in combination with city officials, these 'investors' make money by attending the so-called public sales, which are conducted primarily for their benefit, and buying interests in properties." The article further states: "We are informed that those who have made a specialty of attending the tax-title sales as members of the inner circle have expected that this year's auction would be remarkably profitable for the combination that controls the sales and the purchases."

The article set forth in the second count proceeds to state that "Moreover, every year the sales are conducted primarily for the benefit of the tax-title sharks and there is open collusion between the sellers and the sharks."

As collector of taxes the plaintiff is a public officer. *Alger* v. *Easton*, 119 Mass. 77. As the plaintiff as collector of taxes is the only person who is authorized by law to conduct tax sales in the city of Boston, the article alleged to have been published by the defendant could be found to refer to him and to no other person.

The statements contained in the articles alleged to have been published, when taken in their natural and ordinary meaning, charge the plaintiff in substance with acting in collusion with persons who buy property at tax sales, and that such sales so conducted by him are primarily for the benefit of the purchasers. It is plainly apparent that these publications would have a tendency to inflict a serious injury upon the reputation of the plaintiff in the community, and to bring upon him humiliation, disgrace, and injury to his feelings.

The articles plainly intimate that the plaintiff is a dishonest and corrupt official, and so are libellous. *Robinson* v. *Coulter*,

215 Mass. 566. *Brown* v. *Harrington,* 208 Mass. 600. *Merrill* v. *Post Publishing Co.* 197 Mass. 185.

The entry must be

*Judgment reversed; demurrer overruled.*

The case was submitted on briefs.

*M. L. Jennings,* for the plaintiff.

*R. W. Nason & T. W. Proctor,* for the defendant.