WALDO STREETER *vs.* CRANSTON D. ELDRIDGE & others.

Worcester.    January 8, 1941. — March 9, 1942.

Present: FIELD, C.J., DONAHUE, LUMMUS, COX, & RONAN, JJ.

*Libel and Slander.*

The publication of a certain letter in a local newspaper commenting on the condition of the streets in a town and the conduct of its department of public works might be found to discredit the superintendent of streets, who was also a member of that department, in the minds of a "considerable and respectable class in the community," and to be a libel of him.

TORT. Writ in the Superior Court dated April 7, 1939.

The demurrer to the declaration was heard and sustained by *Broadhurst*, J. The publication quoted in the opinion was alleged to have been on April 28, 1938, in the Winchendon Courier. Other allegations in part were as follows: "that the plaintiff was a member of the department of public works of the town . . . and was employed as superintendent of the streets . . . that as such it was his duty to purchase oil for the roads and to care for the roads . . . that . . . so much of said article as stated 'as last year the town appropriated the largest amount of money in history for oiling roads and this spring finds our roads in their worst condition — obviously the more we appropriate for oil, the less actually finds its way on the roads,' implied and was meant to imply and was so understood by the readers of the Winchendon Courier that the plaintiff had embezzled the funds, or part of the funds, appropriated by the town for the purchase of oil and hence charged the plaintiff with committing a crime involving moral turpitude; that the further statements in the article charged the plaintiff with incompetence in his office having charge of the public roads of the town . . . and was meant to charge him with incompetence in office and was so understood by the readers of the newspaper as charging him incompetence in office."

*C. W. Proctor,* for the plaintiff.

*M. A. Moore,* for the defendant Eldridge and another.

LUMMUS, J. The plaintiff, the superintendent of streets of Winchendon as well as a member of the department of public works of said town, brings an action of tort for libel because of the publication by the defendants in a newspaper of the following: —

"Editor The Courier,

"Dear Sir:

"It has come to my attention during the past week, that there is a movement on foot to see if the town will vote to 'discontinue as public ways' certain streets in town, notably Spring Street, parts of Central street, Winter street, Oak street, Grove street, Academy street,

and several other streets that are dangerous to traffic in their present condition. Of course this will make it a little inconvenient for those living on these streets, but it seems to be the only way out.

"The same source from which the writer learned of the 'discontinue' movement, stated that in the future he would support the idea of cutting out all appropriations for oil for roads in town, as last year the town appropriated the largest amount of money in history for oiling roads and this spring finds our roads in their worst condition — obviously the more we appropriate for oil, the less actually finds its way on the roads.

"The condition of our roads may have been responsible for certain results of the recent election, but it's the writers guess that it will take more than bad roads to stop a change in administration of road affairs next spring.

"Yours for less bumps in some places and more in others.

M. W.

"P.S. The Dept. of Public Works must be pessimists — there are still Snow Fences up in some sections of the town."

From the sustaining of a demurrer to the declaration, the plaintiff appealed.

The declaration, in substance, alleged that the letter above set forth was published concerning the plaintiff and his conduct in office. It is settled that any writing is a libel that discredits the plaintiff in the minds of "any considerable and respectable class in the community." *Ingalls v. Hastings & Sons Publishing Co.* 304 Mass. 31, 33. *Themo v. New England Newspaper Publishing Co.* 306 Mass. 54, 56. There was error in ruling that the article in question could not be a libel. The demurrer should have been overruled.

*Demurrer overruled.*