LEWIS H. ALDRICH *vs.* J. EARLE BOYLE
(and a companion case[1]).

Hampden.   September 20, 1951. — November 2, 1951.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Libel and Slander.*

A political advertisement published in a newspaper during a political campaign, the words of which at most charged that a candidate for reëlection to public office had acted at times while in office in accordance with his own interests in matters only vaguely suggested and did not charge that his acts were not in accordance with the public interest, when read as a whole was not reasonably susceptible of any defamatory meaning and as a matter of law was not libellous.

TWO ACTIONS OF TORT.   Writs in the Superior Court dated November 7, 1949.

A demurrer to each declaration was sustained by *Leary*, J.

*F. Placzek*, for the plaintiff.

*H. A. Murphy*, for the defendant Boyle.

*F. S. Pillsbury*, for the defendant Turner.

WILKINS, J.   The plaintiff, who appears to have been a candidate for reëlection as councilman at large in the city of Westfield, brings two actions of tort for libel based upon the publication in a newspaper of a political advertisement signed by the defendants jointly.   From orders sustaining demurrers to the declarations the plaintiff appeals.   G. L. (Ter. Ed.) c. 231, § 96.

The alleged libel appears on page 31.

The plaintiff seeks to bring himself within the well established principle that a demurrer to a declaration for libel cannot be sustained unless the words are not reasonably capable of any defamatory meaning.   *Twombly* v. *Monroe*, 136 Mass. 464, 469.   *Ingalls* v. *Hastings & Sons*

---

[1] The companion case is by the same plaintiff against Effie H. Turner.

Aldrich *v.* Boyle.

Political Advertisement          Political Advertisement

### ATTENTION!
### VOTERS OF WESTFIELD
### NOV. 8, 1949

The questions in this advertisement are asked to arouse the voters of Westfield to the interests of the city.

### DO NOT VOTE
### FOR LEWIS H. ALDRICH
as your

Councilman-at-Large on November 8, 1949

Unless you are satisfied with full and truthful answers to the following questions:

BE SMART!! — Find Out The Truth Before You Vote

1. Why did Aldrich accept a place on the Public Works Committee of the City Council When he had constant disputes with the Board of Public Works on his private projects?

2. On questions pertaining to the Board of Public Works was he thinking of Lewis H. Aldrich or of you, Mr. Voter, when voted as your Councilman?

3. Why did he oppose the bond issue for new streets?

4. In his arguments with the Planning Board on his private matters, was he thinking of YOUR best interests?

5. Was this a fair and square deal to you, Mr. and Mrs. Voter?

6. Why did he seek to have police department representation kept off the Parking Meter Commission?

7. How many times did he delay matters in the Council which would have benefited YOU and YOURS?

8. Suppose EVERY Councilman voted for his own interests? Where would you get off, Mr. Voter?

ASK THE MAYOR OR CITY CLERK FOR THE RECORDS

ASK THE PLANNING BOARD! ASK THE BOARD OF PUBLIC WORKS!

ASK YOUR OWN JUDGMENT AND YOUR OWN COMMON SENSE!

THE COUNCILMEN–AT–LARGE ARE IMPORTANT TO YOU AND TO YOUR CITY!

GET THE BEST FOR YOUR VOTE! VOTE FOR CAPABLE, HONEST MEN

Effie H. Turner, 81 So. Maple St., Westfield, Mass.

J. Earle Boyle, 84 West Silver St., Westfield, Mass.

*Publishing Co.* 304 Mass. 31, 34. *Epstein* v. *Dun & Bradstreet, Inc.* 306 Mass. 595, 596. *Stanton* v. *Sentinel Printing Co.* 324 Mass. 13, 14. *Tobin* v. *Boston Herald-Traveler Corp.* 324 Mass. 478, 487–488. In particular, he argues that the publication contains imputations of dishonesty on his part. See *Robinson* v. *Coulter,* 215 Mass. 566, 570; *Brown* v. *Journal Newspaper Co.* 219 Mass. 486. We, however, are of opinion that the words themselves, taken in their natural sense and without a forced or strained construction, are not defamatory. *Peck* v. *Wakefield Item Co.* 280 Mass. 451, 453. At most, it is charged that the plaintiff in his public office, at times in matters but vaguely suggested, has acted in accordance with his own interests. It is not even stated that such action was not in accord with a proper regard for the public interests. We do not see how the advertisement, published as it was in the course of a political campaign, could injure the plaintiff's reputation in the community or expose him to hatred, ridicule, and contempt. See *Commonwealth* v. *Clap,* 4 Mass. 163, 168; *Commonwealth* v. *Wardwell,* 136 Mass. 164, 169. We think that the advertisement, read as a whole and reasonably interpreted, would not discredit the plaintiff in the minds of a considerable and respectable class of the community. Rightly understood, it is the customary type of hortatory appeal commonly made to voters at election time. The alleged libel is lacking in that kind of statement which in normal understanding could be accepted as defamatory.

*Orders sustaining demurrers affirmed.*