THOMAS R. RAWSON *vs.* ARLINGTON ADVOCATE, INC.

Middlesex.    February 5, 1957. — May 7, 1957.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Libel and Slander.    Public Officer.*

A newspaper publication of a letter to the editor criticizing the law allowing a selectman to bid for his own town's trucking work as discouraging bidding in competition with him, but not reflecting on his integrity or suggesting improper conduct on his part in being awarded contracts for the work, was incapable of a meaning defamatory of him and as a matter of law was not libellous.

TORT. Writ in the Superior Court dated November 9, 1955.

A demurrer was sustained by *Nagle,* J.

*John F. Lombard,* (*Lyman L. Flanders* with him,) for the plaintiff.

*Daniel J. Buckley, Jr.,* for the defendant.

WILLIAMS, J. This is an action for libel in which the declaration alleges in two counts that the defendant published of and concerning the plaintiff the following letter.

"To the Editor: —

"For a long while, the People of Arlington, have shut their eyes, to the laxity in our Town Laws, which permit Town Officials to bid on Town of Arlington work. No matter what might be said in defense of this method, the fact remains, that it is extremely unethical and wrong.

"One can best evaluate this situation by the case of our Selectman, who also, operates a large fleet of trucks. For many years before this truck operator arrived on the scene, it was unheard of, for Town Officials to employ or to hire, private trucks and heavy equipment, except during and after a very heavy snow storm. At that time the work was divided, fairly among our local truck owners, both big and small. Today and for several years, most of the work is given to our Selectman, not only following storms, but thru-out the entire twelve months, every year.

"Officials have already pointed out that our Selectman, and truck operator, has bid for this work, and on the basis of bids submitted, is entitled to all Town Trucking contracts.

"Let us not forget, that the presence of an official, who doubles both as a Selectman and as an operator of a fleet of trucks, not only discourages all competition, but aids his own cause tremendously by his presence on the Board.

"One may as well have a fifty foot neon sign erected on the roof of the Town Hall, reading, 'All truck owners, stay away, no bids wanted,' as to have a Selectman, operating a fleet of trucks, sitting on the Board, desiring and bidding for Town of Arlington work. The net results would be the same.

"OTHERS DO NOT BID

"Local and outside truck operators have told me that they feel it is a waste of their time, to submit bids against our Selectman, also, engaged in the trucking business. Because of this attitude, instead of spirited bidding we have no bidding at all. Truck owners stay away.

"Best proof of this statement is the Town Manager's letter to the Editor. In his recent letter, he stated, that because there was only one bid, he felt compelled to reject the bid and re-issue another call for more bids at a later date. Doesn't it seem strange that no other trucking operator would be interested in Town work, approximating one hundred thousand dollars each year?

"This issue is big and must be faced as well as corrected.

"Because of the laxity in our Town Laws, and the apathy of Town Officials in correcting them, this situation can lead to corruption. How long must the People wait, before the Board of Selectmen and the Town Manager recognize this evil and do something to correct it?

Sincerely,

FREDERICK J. ROMLEY, SR.

14 Proprietors Way"

The counts contain allegations appropriate to an action of this kind, namely, that the plaintiff was the person to whom the letter referred; that the charges were false and malicious; and that he has been damaged. A demurrer by the defendant to each count asserting that the "matters contained therein are not sufficient in law to enable the plaintiff to maintain his action," that it "does not state a cause of action," and that "the statements alleged to have been published by the defendant are not libelous of the plaintiff," was sustained and the plaintiff excepted.

The test to be applied as to the defamatory character of published words is whether in the mind of any considerable and respectable class of the community they tend to injure the reputation of the person to whom they refer and expose

him to hatred, ridicule and contempt. *Ingalls* v. *Hastings & Sons Publishing Co.* 304 Mass. 31, 34. *Stanton* v. *Sentinel Printing Co.* 324 Mass. 13, 14. *Tobin* v. *Boston Herald-Traveler Corp.* 324 Mass. 478, 487–488. *Aldrich* v. *Boyle,* 328 Mass. 30. *Poland* v. *Post Publishing Co.* 330 Mass. 701, 704. *Ricci* v. *Crowley,* 333 Mass. 26, 27. The letter which the defendant published does not reflect upon the integrity of the plaintiff but criticizes the law by which he as a member of the board of selectmen can legally bid for town work. It does not charge or suggest that the plaintiff has subordinated the interest of the town to his own or has sought by reason of his position to obtain an unfair advantage over other bidders. *Aldrich* v. *Boyle, supra,* page 32. *Poland* v. *Post Publishing Co., supra,* pages 704–705. Compare *Peck* v. *Wakefield Item Co.* 280 Mass. 451, 456; *Streeter* v. *Eldridge,* 311 Mass. 180, 182; *Stanton* v. *Sentinel Printing Co., supra,* page 15. There was no error in sustaining the demurrer on both counts. In our opinion it is an appropriate case for an order for judgment under G. L. (Ter. Ed.) c. 231, § 125. *Keljikian* v. *Star Brewing Co.* 303 Mass. 53, 61–63. *Bowles* v. *Clark,* 326 Mass. 31, 34. *Gavin* v. *Purdy,* 335 Mass. 236, 239–240.

*Exceptions overruled.*
*Judgment for the defendant.*