JAMES J. TWOHIG, JR., *vs.* BOSTON HERALD-TRAVELER
CORPORATION & others.[1]

Suffolk.    October 11, 1963. — January 10, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Libel and Slander.    Pleading, Civil,* Demurrer.

In an action for libel by a candidate for public office against a newspaper
and individuals who were not candidates, with a declaration based on the
publication during the political campaign of an article stating that the
plaintiff's political opponent "has reversed the anti-union charge . . .
[the plaintiff] is spreading about him by resurrecting some of . . . [the
plaintiff's] votes against Labor when he served" in the Legislature, such
statement tended to discredit the plaintiff in the minds of workers in
general and of members of labor unions in particular, and it was error
to sustain a demurrer to the declaration.    CUTTER, J., dissenting;
SPALDING, J., concurring in the dissent.

TORT.    Writ in the Superior Court dated September 13,
1962.

The action was heard by *Lurie, J.,* on demurrers.

*James J. Twohig, Jr.,* pro se.

*Henry L. McNulty* for the defendants.

KIRK, J.    The plaintiff appeals from orders sustaining
the demurrers of the defendants to the plaintiff's declara-
tion in tort for libel.    The demurrers are identical and rest
on the ground that no cause of action is stated.    We treat
them as one.

The declaration alleges that the defendant corporation on
September 13, 1962, published in The Boston Herald an
article written by one of the individual defendants.    In the
article was the following statement: "The Senate presi-
dent has reversed the anti-union charge Twohig is spread-
ing about him by resurrecting some of Twohig's votes
against Labor when he served on Beacon Hill."

---

[1] The other defendants are Robert B. Choate and David Farrell.

The defendants argue only that the words are not libellous and that the innuendos are not warranted.[2]

The well settled law was concisely restated recently in *Anthony* v. *Barss, ante,* 401, 402, citing cases. "A demurrer cannot be sustained unless the words are incapable of any defamatory meaning. . . . The test is whether, in the circumstances, the writing discredits the plaintiff in the minds of any considerable and respectable class of the community."

The words quoted in the declaration cannot be said to be incapable of being understood as an assertion of fact that the plaintiff, when he was a member of the General Court, had cast votes against labor; and, moreover, had cast more votes against labor than his political opponent (the Senate president) had yet revealed. This permissible interpretation would, in our judgment, tend to discredit the plaintiff in the minds of workers in general and of members of labor unions in particular who constitute a considerable and respectable class in the community.

The bare circumstance, as appears from the declaration, that the publication took place during a political campaign does not, as argued, avail these individual defendants who were not candidates, but, rather, tends to aggravate the injury to the plaintiff who was a candidate. In *Adams* v. *Clapp, ante,* 245, 248–249, where the individual defendants were holders of or candidates for elective office, the declaration disclosed numerous additional circumstances which were discussed in the opinion at pages 248–249 and distinguish it from the case before us. Nor can the statement in issue be regarded as a customary type of hortatory appeal commonly made to voters at election time by avowedly partisan advertising or advocacy. See *Aldrich* v. *Boyle,* 328 Mass. 30, 31, 32. Whether the assertion in the statement was true, or was fair comment upon a matter of public interest and therefore privileged, is a matter of defence not

---

[2] The declaration has certain formal defects which are readily amendable. These are not mentioned or argued by the defendants as grounds of demurrer and we do not consider them.

open on demurrer.   G. L. c. 231, § 92.   *Muchnick* v. *Post Publishing Co.* 332 Mass. 304, 308, and cases cited.

*Orders sustaining demurrers reversed.*

CUTTER, J. (dissenting).   The declaration reveals that when the article was published an election was in progress. It is apparent from the declaration that this was a summary account in a newspaper concerning the efforts of each of two candidates for office to publicize the voting records of his adversary.   The statement contains no suggestion that the plaintiff is not of good character or that he has engaged in unethical or unconscionable conduct.   Cf. *Ingalls* v. *Hastings & Sons Publishing Co.* 304 Mass. 31, 33–34; *Stanton* v. *Sentinel Printing Co.* 324 Mass. 13, 15.   The article states at most an appraisal, as a matter of opinion, of votes cast by the plaintiff which were matters of public record.   The article does not make it wholly clear whether the appraisal of the plaintiff's votes was that of the plaintiff's adversary or that of the author of the article.   Such an appraisal in the course of an election campaign properly comes within the principle of cases such as *Aldrich* v. *Boyle,* 328 Mass. 30, 32, and *Poland* v. *Post Publishing Co.* 330 Mass. 701, 704, which hold that the pendency of an election campaign may be taken into account in considering the probable effect upon the community of a statement about a candidate.   See also *Adams* v. *Clapp, ante,* 245, 248–249. The *Poland* case shows that the principle is applicable whether the comment is made by a political adversary or by a newspaper performing its important function of reporting and commenting upon public and political affairs. Because of the healthy public skepticism concerning even more extreme statements in such an election period, as part of a customary type of political appeal and comment (see *Aldrich* v. *Boyle,* 328 Mass. 30, 32), this article should not be regarded as likely to injure the plaintiff's reputation in the community.   To treat such an article as not defamatory would be consistent with the public interest in freedom of responsible discussion during an election campaign, a free-

dom likely to be considerably restricted if such general comments may be regarded as defamatory. Accordingly, I would affirm the orders sustaining the demurrers.

Mr. Justice Spalding authorizes me to state that he concurs in this opinion.