James D. SULLIVAN, Plaintiff,

v.

Edward J. CHOQUETTE, Jonathan G. Wells, III, and Jean MacDonald, Defendants.

Civ. A. No. 67–961.

United States District Court
D. Massachusetts.

Sept. 30, 1968.

Harvey Glass, Peabody, Mass., for plaintiff.

John J. McNaught, Esdaile, Mc-Naught, Driscoll & Barrett, Boston, Mass., for Jean MacDonald.

John Kimball, Jr., Hale & Dorr, Boston, Mass., for Jonathan G. Wells, III.

James P. Lynch, Jr., Nutter, McClennen & Fish, Boston, Mass., for Edward J. Choquette.

## OPINION

CAFFREY, District Judge.

This is a civil action in three counts, sounding in both contract and tort. Plaintiff is a resident of New Jersey and the three defendants are residents of Massachusetts. Jurisdiction of this court is invoked on the basis of 28 U.S. C.A. sec. 1332.

Count One is for "breach of contract of lease" against defendant Edward J. Choquette. Count Two is for abuse of process against defendants Choquette and Jonathan G. Wells, jointly and severally. Count Three is for slander against defendant Jean MacDonald.

■ The matter came before the Court upon the basis of all pending motions: plaintiff's motion to consolidate with Civil Action No. 67–919–G, plaintiff's motions for leave to submit reply briefs, for leave to require interrogatories, for leave to take depositions, and to allow admission of plaintiff's affidavits, motion of defendant Wells for security for costs, motions to dismiss filed by defendants Choquette and Wells, and motions for summary judgment filed on behalf of defendants Choquette and MacDonald. After hearing I rule as follows:

(1) The motion to consolidate with Civil Action No. 67–919–G is denied, an identical motion having already been denied by Judge Garrity in 67–919–G.

(2) Plaintiff's motions for leave to submit reply briefs and to allow admission of affidavits are allowed.

(3) Plaintiff's motions for leave to require interrogatories and for leave to take depositions are denied as moot, since, under the Federal Rules of Civil Procedure, leave of Court is not necessary prior to utilization of either of these forms of pretrial discovery.

(4) The motion of defendant Wells for security for costs is denied.

(5) This leaves for decision the motions for summary judgment filed by Choquette and MacDonald, and the motion to dismiss filed by defendant Wells which will be treated as a motion for summary judgment pursuant to the provisions of Rule 12(c).

Upon the basis of the complaint, defendants' answers, interrogatories of defendant MacDonald to plaintiff, plaintiff's answers to interrogatories, the affidavit of defendant Choquette, affidavit of plaintiff dated February 16, 1968 with attachments A through Z and a second affidavit of plaintiff of the same

date with attachments AA through DD, affidavits of George Cashman, Robert C. Hoffman, Thomas J. Kane, Sharon Bright, Steven Ivan Sullivan, James Steven Sullivan, Elsye Elizabeth Sullivan, Roy Cobb, and the affidavit of Honorable Norman Espovich, Special Justice of the District Court of Newburyport, and certified copies of the records of that court appended thereto, the following facts are taken as true for purposes of resolving the motions for summary judgment.

Plaintiff moved his family from New Jersey to Newburyport, Massachusetts, in July 1965, at which time he entered into a one-year lease with defendant Choquette for occupancy of a house in Newburyport. The lease provided that plaintiff was to pay a monthly rental of $125.00 and required him to purchase the house for $16,900 prior to the expiration of the lease. In November 1965 Choquette commenced an action of eviction against plaintiff in the District Court of Newburyport based on alleged non-payment of rent and subsequently caused a fourteen-day notice to quit to be served on plaintiff. The summary process action terminated in a judgment favorable to Choquette and an execution for eviction of plaintiff was issued by that court. On January 29, 1966, in exchange for a brief stay of execution, plaintiff signed a written agreement that he would voluntarily quit the premises on February 4, 1966 and the premises were in fact vacated by that time. This case was filed about twenty-two months thereafter.

■ With reference to Count One, defendant Choquette's motion for summary judgment must be allowed. The question of responsibility for breach of the lease was litigated between the parties in the District Court of Newburyport. The judgment and execution issued by that court in favor of Choquette necessarily decided that plaintiff had breached the lease and that Choquette was entitled to evict him and retake possession of the premises. Despite a reference in the briefs to the effect that plaintiff is seeking or may seek post-judgment relief, the judgment of the District Court of Newburyport is presently outstanding and effective between the parties and operates as a bar to any further litigation of the issues alleged in Count One on the basis of the doctrine of *res judicata.* Noyes v. Shanahan, 325 Mass. 601, 604, 91 N.E.2d 841 (1950); see also, Restatement, Judgments, sec. 41, comment d.

With reference to Count Two and the named defendants therein, Choquette and Wells, I rule that summary judgment must be allowed because of the failure of this count to state a claim upon which relief may be granted, either in the nature of an action for malicious prosecution or in the nature of an action for abuse of process.

■ Plaintiff does not and cannot state a cause of action for malicious prosecution because on the undisputed facts of record herein an allegation cannot be made or proved with regard to one of the essential elements of the tort of malicious prosecution, namely, an allegation that the prior proceedings between the parties terminated in favor of the plaintiff. Dangel v. Offset Printing, Inc., 342 Mass. 170, 171, 172 N.E.2d 610 (1961).

■ Plaintiff does not and cannot state a cause of action for abuse of process because on the undisputed facts of record herein an allegation cannot be made or proved with regard to one of the essential elements of the tort of abuse of process, namely, successful use of lawful process for an improper purpose. It is evident that the process allegedly abused herein was process issued by the District Court of Newburyport for the purpose of causing the removal of plaintiff and his family from Choquette's premises. This is precisely the use to which the process was put. In Gabriel v. Borowy, 324 Mass. 231, at p. 236, 85 N.E.2d 435, at p. 439 (1949), the Supreme Judicial Court stated:

"To constitute a cause of action for this tort it must appear that the proc-

ess was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed."

To the same effect see Noyes v. Shanahan, supra, 325 Mass. at p. 605, 91 N.E. 2d at p. 844:

"In the present case the only process involved was the original writ in the action of summary process, and there was no offer to show that that writ was used for any purpose other than the one for which it was designed, of *removing the tenant*." (Emphasis added.)

See, also, Ross v. Peck Iron & Metal Company, 264 F.2d 262, at p. 268 (4th Cir. 1959), where the Court said;

"The regular use of process cannot constitute abuse, even though the user was actuated by a wrongful motive, purpose, or intent, or by malice."

With regard to Count Three, in which plaintiff charges defendant Jean MacDonald with malicious slander, the papers on file indicate that Interrogatory No. 2 addressed to plaintiff asked: "each and every date, time, and place at which defendant Jean MacDonald allegedly slandered the plaintiff," and "give the exact language employed by defendant Jean MacDonald with reference to the plaintiff;" and that plaintiff answered that interrogatory as follows: " * * * on January 27, 1966 the defendant said that I was abusive to her, stated to me that 'Mr. Choquette and the police will fix your wagon,' 'why don't you go back to where you came from,' and 'I am calling Mr. Choquette about this;' (c) the defamatory statement that I was abusive to her was communicated to Wells, Choquette, Judge Kelleher and Attorney Murray, all of Newburyport."

■ Under the law of the Commonwealth of Massachusetts, which controls in a diversity case of this type, it is well established that in order to state a cause of action for slander *per se*, the allegedly defamatory words must either impute to the plaintiff the commission of a serious crime (i. e., one involving either infamous punishment or moral turpitude), Brown v. Nickerson, 71 Mass. 1 (5 Gray) (1855), or tend to directly injure the plaintiff in his profession, trade or business, or impute to plaintiff a loathsome or social disease.

■ I rule that the language used by defendant MacDonald does not satisfy the test of slander *per se* since it obviously does not impute to plaintiff the commission of a crime, tend to injure him in his business or trade, or impute to him disease of any kind.

■ If the defamatory words do not fall within one of these classes of observations a valid count for slander must allege special damages consisting of pecuniary losses to plaintiff which are proximately caused by defendant's remarks. If it be assumed for purposes of this motion that plaintiff has properly alleged special damages, a cause of action still has not been stated herein because the language used by defendant MacDonald was not defamatory under the test enunciated by the Supreme Judicial Court in Rawson v. Arlington Advocate, Inc., 336 Mass. 31, at p. 33, 142 N.E.2d 395, at p. 397 (1957), where the Court stated:

"The test to be applied as to the defamatory character of published words is whether in the mind of any considerable and respectable class of the community they tend to injure the reputation of the person to whom they refer and expose him to hatred, ridicule and contempt."

I rule, as a matter of law, that the language allegedly used by defendant MacDonald as set out in plaintiff's answer to Interrogatory No. 2 is not defamatory under the *Rawson* test.

Finally, it should be noted that if this matter were allowed to go to trial on Count Three, a ruling would have to be made that the special damages claimed by plaintiff are of such a nature that as a matter of law they could not be found to be proximately caused by the alleged slander. It appearing that there is no

issue of material fact as to any one of the three counts herein, the motions for summary judgment must be allowed as to all three counts.

Judgment accordingly.