Donohue, J.
Upon receipt of allegations of rape, members of the Milford Police Department initiated a routine investigation of the plaintiff, Jose Pinto (“Pinto”). On June 11, 1993, the Grand Jury voted not to indict Pinto. Subsequently, Pinto brought the present case based on the following counts: Count I Malicious Prosecution, Count II Abuse of Process, Count III Intentional Infliction of Emotional Distress, Count IV Negligent Infliction of Emotional Distress, Count V Massachusetts Civil Rights Violations under G.L.c. 12, §§11H & 111, Count VII Federal Civil Rights Violations under 42 U.S.C. §1983, Count VTII Defamation, Count IX Conspiracy, Count X Loss of Consortium (on behalf Of Dianne Pinto), and Count XI Loss of Parental Support (on behalf of Michael and David Pinto). Wagner, Vincent W. Liberto (“Liberto”), and Brian Harris (“Harris”) (collectively “defendants”) now seek summary judgment on all the mentioned counts. For the reasons stated below, the defendants’ motion for summary judgment is ALLOWED.
BACKGROUND
In evaluating a motion for summary judgment, the court views the facts in the light most favorable to the nonmoving party. Beal v. Board of Selectmen of Hingham, 419 Mass. 535, 539 (1995). Anne Morelli (“Morelli”) was a student at Milford High School and her teacher was the plaintiff, Jose Pinto (“Pinto”). On January 8, 1993, Morelli made allegations to Earl Wagner (“Wagner”), a lieutenant in the Milford Police Department, that her teacher, Pinto, had raped her. On January 13, 1993, the case was assigned to Detective Brian Harris by Wagner at the direction of Chief Vincent Liberto (“Liberto”). Subsequently Harris investigated the matter. Based on the evidence found, the District Attorney’s Office made the decision to proceed with criminal prosecution of Pinto. The case was then assigned to an Assistant District Attorney for further investigation. On June 11, 1993, the Grand Jury voted not to indict. Pinto then brought the present case against the defendants.
DISCUSSION
To prevail on summary judgment, the moving party must establish that there is no genuine issue of material fact on every element of a claim and that is it entitled to judgment on that claim as a matter of law. See generally Mass.R.Civ.P. 56(c); Highlands Insurance Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997). Where, as here, the party opposing summary judgment has the burden of proof at trial, the moving party is entitled to summary judgment if it “demonstrates, by reference to material described in Mass.R.Civ.P. 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouyacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The Court will address each count in turn.
Count I; Malicious Prosecution
In an action for malicious prosecution, the plaintiff must prove “that the original action [against the plaintiff] was brought maliciously and without probable cause [by the defendant], and has been terminated in favor of the plaintiff.” Hubbard v. Beatty & Hyde, Inc., 343 Mass. 258, 261 (1961). The absence of probable cause, without an improper motive in satisfaction of the required legal malice element, is an insufficient basis for a malicious prosecution action. Beecy v. Pucciarelli, 387 Mass. 589, 594 n.9 (1982).
In the present case, Pinto bases his malicious prosecution count first on the fact that the Grand Jury did not indict him. The Grand Jury’s conclusion, however, is not indicative of whether probable cause existed to proceed against Pinto. Higgins v. Pratt, 316 Mass. 700, 709 (1944) (holding probable cause “may not be inferred from . . . the fact of acquittal . . .”). Assuming without holding that Pinto could show that probable cause was lacking, his claim would still fail because he cannot show that the defendants had an improper motive in their investigation of Pinto.
*484 Pinto submits that the defendants’ failure to further investigate the matter, to his satisfaction, constitutes malicious prosecution. There is no right to a perfect investigation. Patterson v. New York, 432 U.S. 197, 208 (1977). Moreover, Pinto fails to provide any evidence that this incomplete investigation was due to any improper motive sufficient to constitute legal malice. See Beecy, supra at 593-94 & 594 n.2.
Count II: Abuse of Process
Pinto asserts that the defendants knew that Morelli’s claim against him was fraudulent and that the defendants abused the legal process in the course of their investigation of him. In order to prevail on a cause of action for abuse of process “it must appear that the process was used to accomplish some ulterior purpose for which it was not designed or intended, or which was not the legitimate purpose of the particular process employed.” Beecy, supra at 595 (quoting Quaranto v. Silverman, 345 Mass. 423, 426 (1963)).
In the present case, Pinto has failed to show evidence that the defendants intended anything other than to investigate Morelli’s allegations in good faith. The Supreme Judicial Court has held that even commencement of litigation that the litigant knows is groundless is an insufficient basis for an abuse of process claim without a showing of an ulterior purpose. Beecy, supra at 596. As a basis for his abuse of process count, Pinto claims that the defendants intended to harass Pinto. Pinto, however, provides no evidentiary support, or indication that such would be forthcoming at trial, for this proposition. This failure is fatal to Pinto’s claim for abuse of process.
Count HI: Intentional Infliction of Emotional Distress
In order to establish intentional infliction of emotional distress,
[i]t must be shown that the actor intended to inflict emotional distress and that he knew or should have known that emotional distress was the likely result of his conduct, that the conduct was “extreme and outrageous” . . . that the actions of the defendant were the cause of the plaintiffs distress and that the emotional distress sustained by the plaintiff was “severe” . . .
Agis v. Howard Johnson Co., 371 Mass. 140, 144-45 (1976).
There is no evidence supplied to suggest that the police investigation conducted by the defendants constituted extreme and outrageous conduct. Moreover, Pinto’s basis as support for this claim is that the defendants should have known that investigating a person with no record would cause him emotional distress. The Supreme Judicial Court, however, has established that in order for conduct to be considered “extreme and outrageous,” it must be “beyond all possible bounds of decency” and “utterly intolerable in a civilized community.” Agis, supra, at 145. In investigating this criminal complaint, the defendants were doing their job. The fact that Pinto had no prior record and the defendants investigated anyway hardly raises their conduct to the level of “extreme and outrageous” as required by the courts. The Agis standard seeks to rid of claims that are “aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and hurt feelings are involved.” Id. Summary judgment is appropriate on this count.
Count IV: Negligent Infliction of Emotional Distress
In order to establish negligent infliction of emotional distress, the plaintiff must prove the following: “(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective sym-ptomolgy; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case.” Payton v. Abbott Labs, 386 Mass. 540, 557 (1982). In the present case, Pinto offers no evidence, nor does he show that such would be forthcoming at trial, which would satisfy this standard. In order to establish objective proof of sufficient physical harm, Pinto would have to offer expert medical testimony in support of his assertions. See Sullivan v. Boston Gas Co., 414 Mass. 129, 138 (1993) (encouraging the use of expert medical testimony to prove physical harm); Anderson v. W.R. Grace & Co., 628 F.Sup. 1219, 1227 (D.Mass. 1986) (requiring physician’s affidavit to establish physical harm). Pinto offers no evidence disputing the existence of physical symptomology of his alleged emotional distress.
Count V; Massachusetts Civil Rights Act Violations
The Massachusetts State Civil Rights Act (“MCRA”) was created to incorporate the protections afforded in 42 U.S.C. §1983 into state law. See G.L.c. 12, §§11H and 11I. In order to maintain an action against a wrongdoer based on the MCRA, a plaintiff must show that “the exercise or enjoyment of rights secured by the Constitution or laws of the Commonwealth has been interfered with, by threats, intimidation, or coercion ...” Pheasant Ridge Assoc., Ltd. Partnership v. Burlington, 399 Mass. 771, 780 (1987). As a matter of law, Pinto has failed to meet this burden.
As an initial matter, Pinto does not assert which of his rights were allegedly violated by the defendants. Moreover, even assuming Pinto’s rights were violated, he fails to provide evidence that the violations occurred by way of threats, intimidation, or coercion, as required by the MCRA. Rather, Pinto has admitted in his deposition testimony that the defendants did not threaten, intimidate, or coerce him. See Exhibit B, pages 128-30.
Those of Pinto’s assertions which center on the defendants’ alleged insufficient investigation also must fail. The omission of an act lacks the confrontation required to establish a claim under the MCRA. *485 See, e.g., Redgrave v. Boston Symphony Orchestra, Inc., 399 Mass. 93, 96 (1987). The Supreme Judicial Court has noted that its “cases holding that the Massachusetts Civil Rights Act was violated have involved actual or potential physical confrontations involving a threat of harm.” Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467, 473-74 n.8 (1994). Pinto’s contentions that the defendants should have done a more complete police investigation do not rise to the level of conduct necessary to support a claim based on violation of the MCRA.
Count VII: Federal Civil Rights Violations
To establish a violation of one’s rights under 42 U.S.C. §1983, a plaintiff must show: “that (1) a person acting under color of State law committed the conduct complained of and (2) the conduct deprived the plaintiff of a right, privilege, or immuniiy secured by the Constitution or laws of the United States.” Johnson v. Summers, 411 Mass. 82, 86 (1991). In addition, §1983 “creates a species of tort liability . . . [and] [accordingly, a showing of proximate causation is a necessary element in a §1983 action.” Id. at 88.
Pinto asserts that the defendants, all members of the Milford Police Department, deprived him of due process rights in violation of §1983 when he was “subjected to criminal prosecution ... in the absence of any probable cause.” First, the fact that the grand jury did not indict Pinto does not speak to the existence of probable cause from the defendants’ vantage point. See Roche v. John Hancock Mutual Life Insurance Co., 81 F.3d 249, 255 (1st Cir. 1996) (“The probable cause determination is made at a different point in time by a different, less demanding methodology, and requires less proof than a conviction”).
Moreover, Pinto bases his claim of due process violation on his theory that, if the defendants had interviewed more people, the defendants would have learned that there was no basis to Morelli’s complaint. However, there is no constitutional right to a perfect investigation. Patterson v. New York, 432 U.S. 197, 208 (1977). “Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person.” Id. Therefore, these allegations are insufficient to find a violation of Pinto’s due process rights under the requirements of §1983.
Count VIII: Defamation
“Defamation is the publication of material by one without a privilege to do so which ridicules or treats the plaintiff with contempt.” Correllas v. Viveiros, 410 Mass. 314, 319 (1991). “The test to be applied as to the defamatory character of published words is whether in the mind of any considerable and respectable class of the community they tend to injure the reputation of the person to whom they refer and expose him to hatred, ridicule and contempt.” Rawson v. Arlington Advocate, Inc., 336 Mass. 31, 33-34 (1957).
Pinto claims that information about the allegations of rape which was published in the newspapers and broadcast on the radio harmed his reputation in the community. Pinto, however, has neither established via the allegations in his complaint, nor in Plaintiffs opposition to the Motion for Summary Judgment, that the defendants were responsible for the publications and broadcasts. In fact, the information disseminated to the public consisted only of public record and statements provided by Pinto himself, his friends and co-workers, and Morelli. Even assuming the defendants were responsible for statements, Pinto fails to show that any statements were made with the “hatred, contempt, or ridicule” required for a defamation action. Rawson, supra at 33-34. Pinto’s failure to support his allegations with the necessary evidence is fatal to his claim for defamation.
Count IX: Civil Conspiracy
There are two kinds of civil conspiracy. Where there is no independent basis for tort liability and the only “wrong is in the particular combination of the defendants,” the plaintiff must show the element of coercion. Kulker v. Hill, 44 Mass.App.Ct. 184, 188 (1998). There is, however, a second form of civil conspiracy known as “concerted action, whereby liability is imposed on one individual for the tort of another.” Id. Concerted action conspiracy does not require the coercive element. Id.[3]
In order to establish conspiracy based on force of numbers acting in unison, the plaintiff must show “that there was some peculiar power of coercion of the plaintiff possessed by the defendants in combination which any individual standing in a like relation to the plaintiff would not have had.” Neustadt v. Employers’ Liab. Assur. Corp., 303 Mass. 321, 325 (1939).
In the present case, Pinto has alleged no such “peculiar power of coercion” held by the defendants over Pinto. Pinto asserts only that the defendants worked together in an effort to criminally prosecute Pinto in the absence of probable cause. As set forth above, however, there is no independent action for conspiracy here unless this “peculiar power of coercion” element is shown. Pinto’s failure to present evidence sufficient to satisfy this requirement is fatal to his claim of civil conspiracy.
Counts X and XI: Loss of Consortium and Loss of Parental Support
Where the underlying claims are found to be without merit, all defendant claims must fail also. Correllas, supra at 324-25; Cullen v. E.H. Friedrich Co., Inc., 910 F.Sup. 815, 826 (D.Mass. 1995). Therefore, Pinto’s claims for loss of consortium and parental support are appropriate for summary judgment.
*486 ORDER
For the foregoing reasons, the defendants’ motion for summary judgment is hereby ALLOWED.

 In the Complaint, Pinto fails to clearly state which kind of conspiracy he is alleging. The Court, however, notes that it is addressing the matter under the “concerted action” form as it comports most closely with the legal elements Pinto discusses both in his Complaint and in Plaintiffs Opposition to Defendants’ Motion for Summary Judgment.