### ELISHA W. SMITH *vs.* SAMUEL HIGGINS.

At a town meeting having under consideration an application from the assessors of the town for reimbursement for expenses incurred in defending a suit, on the ground that it was brought against them for acts done in their official capacity, which is opposed because that suit was brought against them for making false answers under oath to interrogatories propounded to them in another suit, a statement of a voter and taxpayer in the town that they had therein perjured themselves is privileged, if made in good faith, with a belief of the speaker in its truth, and without actual malice towards the assessors.

In an action of slander, the good faith and want of malice of the defendant, when material, may be proved by his own testimony.

ACTION OF TORT for slander, in saying of the plaintiff and two others, " They went to Barnstable and perjured themselves; I have it in black and white." Trial and verdict for the plaintiff in the court of common pleas in Barnstable at April term 1859, before *Bishop,* J., to whose rulings the defendant alleged exceptions, the substance of which is stated in the opinion.

*W. L. Burt,* for the defendant.

*H. A. Scudder,* for the plaintiff.

BIGELOW, C. J. It is not always easy to determine whether words tending to disparage private character were spoken under such circumstances as not to transcend the privilege afforded by the occasion on which they were uttered. On the one hand, it

is important that the reputation of individuals should not be wantonly and unnecessarily assailed; and, on the other, freedom of speech should not be so restricted that a man cannot utter language essential to enable him to discharge properly either a public or private duty, without incurring the risk of an action at law for an alleged injury to private character. The principle applicable to cases in which the claim of privilege is set up is well settled. The difficulty lies in its application. No one can be held responsible for a statement or publication tending to disparage the reputation of another, if it is made in the discharge of a social or moral duty, or is required in order to protect one's own interest or that of another. In such cases, all that is necessary to render the words spoken or published privileged is, that they should be communicated, in good faith and without malice, to those who have an interest in the subject matter to which they relate, and a right to know and act on the facts stated. *Bradley* v. *Heath,* 12 Pick. 163. *Gassett* v. *Gilbert,* 6 Gray, 97.

Upon a careful consideration of the evidence offered at the trial of this case, we are of opinion that the occasion on which the words averred in the declaration were spoken did justify the defendant in making the statements, although they tended directly to injure the reputation of the plaintiff. This will be apparent when the time, place and circumstances of the utterance of the alleged slander are taken into view. The plaintiff, together with the two other persons named in the declaration, had made an application to the town of Wellfleet to reimburse them for expenses incurred in defending a suit brought against them as assessors for that town in the year 1852. This application was brought regularly before a meeting of the inhabitants of the town, by an article duly inserted in the warrant. The defendant was a taxpayer and voter in the town. The ground on which the town was asked to grant the indemnity was that the expenses had been incurred in a suit brought against the plaintiff and the other two assessors, in consequence of acts done by them in the due and proper discharge of their official duty. On the other hand, it was alleged by the defendant, and it was

shown at the trial, that that action was in fact brought to recover damages of the plaintiff in this action and his co-assessors for making false answers under oath to interrogatories proposed to them in a previous suit brought in behalf of the town of Wellfleet against the collector of the town for the year 1852, for the non-collection of taxes by him. Under these circumstances, it is manifest that the defendant, as a voter and taxpayer, had an interest in the subject which was under consideration at the time the alleged slanderous words were spoken, and that he was speaking to those who had a like interest and a right to know and to act on any facts which were material and pertinent to the matter. If the action brought against the plaintiff and the other assessors was founded on their own wrongful act, in making false answers in the course of a judicial inquiry, it was certainly a good reason for refus-ing to grant them the indemnity for which they asked, and it was important that the persons present at the town meeting should be informed of the fact, in order that they might act and vote intelligently on the question before them. If therefore the defendant made the statement set out in the declaration in good faith, believing it to be true, and without actual malice towards the plaintiff, it was clearly a communication made in the dis-charge of a public duty by one who had an interest in the subject, to those who had a right to hear it, and upon a matter which was legitimately before them for action. The occasion rebuts the inference of malice, which the law would otherwise draw from the use of defamatory words; and the defendant cannot be held answerable for them, unless they are proved to have been uttered maliciously. It follows then that defendant was entitled to the instruction for which he asked at the trial, and that the court erred in refusing to rule that the plaintiff could not recover unless he offered proof of actual malice on the part of the defendant, in speaking the words set out in the declaration.

The other questions raised at the trial relate to the com-petency of evidence, and seem to have arisen out of the mis-apprehension that the defendant could not rely for his defence

on the ground that the words were spoken under circumstances which rendered them privileged. It is therefore unnecessary to consider them in detail. It may be well, however, to say that if the case is again tried, the testimony of the defendant concerning his motives in speaking the words, his belief in their truth, and the absence of malice or ill will towards the plaintiff, will be admissible. Parties to civil actions are now made competent witnesses by statute. Their competency is not limited to any particular subject or issue. They may, like other witnesses, testify to any matter relevant and material to the case on trial. The good faith of the defendant, and the feelings which prompted him to speak the words alleged in the declaration, being properly in issue, he is competent to testify concerning them.  *Exceptions sustained.*