JANE H. THAYER *vs.* WORCESTER POST COMPANY.

Worcester.   September 26, 1932. — October 16, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, .& DONAHUE, JJ.

*Libel.   Actionable Tort.   Privacy.   Photograph.*

If, after a photograph of a woman, her husband, his chauffeur and two other persons was taken, the woman standing beside the chauffeur, the photograph was published twice with the omission of all parts of it except the woman and the chauffeur, such publications being without authority from the woman and in a newspaper with the caption, "Principals in Local Divorce Scandal," and with printed matter underneath containing the names of the two persons and stating, in the first publication that the chauffeur had been sued "in alienation suit" by the woman's husband and that she and her husband had brought cross divorce proceedings against each other, and in the second publication that the chauffeur had been "named as co-respondent" by the husband and that the woman had filed "a cross-bill of divorce against her husband," findings would be warranted that reasonable people in the circumstances would be likely to interpret each publication in a libellous sense with respect to the woman and and that each was defamatory of her because of the implications of impropriety between her and the chauffeur, even though there was no direct and explicit charge of indiscretions or want of chastity on her part; and each publication was sufficient to sustain an action of libel by her against the proprietor of the newspaper.

Assuming, without so deciding, that one has at common law a right to be free of unauthorized publications of photographs of his person and that such publications constitute an actionable violation of his right of privacy, no such cause of action was shown by allegations in the declaration in an action by the woman above mentioned against the proprietor of the newspaper, from which it appeared that the plaintiff voluntarily posed for the original photograph in a public place; that the photograph was not taken at her request or for her benefit, but by arrangement with her husband; that she had no property in the negative or the photographs printed from it; and that, so far as she

was concerned, it was not taken for a private use or a restricted purpose: no express or implied limitation by the plaintiff upon its publication by the person owning it was disclosed by such allegations.

Tort.    Writ dated February 6, 1931.

The declaration, as amended, and the defendant's demurrer thereto are described in the opinion. In the Superior Court, the demurrer was heard by *Whiting*, J., who ordered it sustained as to certain counts and overruled as to others; and reported the action for determination by this court.

*M. M. Taylor*, for the plaintiff.

*F. T. Mullin*, (*J. F. McGrath* with him,) for the defendant.

Rugg, C.J.    The plaintiff seeks to recover in this action of tort compensation for damages alleged to have been caused to her by publications in the Worcester Evening Post, a daily newspaper published in Worcester. The declaration contains six counts. All are based on publications on February 6 and November 10, 1930, of the pictures of herself with certain accompanying words. The allegations in all the counts are that the plaintiff is the wife of Fred B. Thayer; that a photograph was taken prior to February 6, 1930, of the plaintiff, her husband, his chauffeur, Albert Desjardin, an airplane pilot, and another man, all standing in front of the airplane of her husband at an airport in Lowell, Massachusetts; that the photograph was not taken by any contract or arrangement made by the plaintiff but as she believes was taken by contract or arrangement with her husband; that all parts of this photograph except the pictures of the plaintiff and the chauffeur (who were standing beside each other) were in some way concealed and those pictures enlarged and changed were published on February 6 with the words printed beneath: "Above (left to right) — Albert Desjardin, chauffeur, who has been sued for $25,000 in alienation suit by Fred B. Thayer, wealthy and prominent resident of North Grafton (below) and Mrs. Jane H. Thayer, who is suing her husband for divorce, charging cruelty, abusive treatment and intoxication. The husband has entered a cross libel and indications are that the action will be bitterly fought by both

sides in Probate Court"; and with the words printed above: "Principals in local divorce scandal"; and on November 10 with the words printed beneath: "Albert Desjardin, chauffeur, named as co-respondent by Fred B. Thayer, and Mrs. Jane H. Thayer, who has filed a cross-bill of divorce against her husband" and with the words printed above: "Principals in local divorce scandal"; that the plaintiff has in no way whatsoever authorized the defendant to publish any portion of the picture, and did not know that any one had authorized such publication. The essential additional allegations in counts 1 and 4 are that the plaintiff has the right of privacy and also a right of property in any picture of herself taken in a private capacity, and that such publications were a violation of that right. These counts are founded exclusively on the right of privacy. The additional allegations in the remaining counts sound in libel.

1. Counts 2, 3, 5 and 6 contain adequate allegations to set forth causes of action in libel. Each of these counts contains the pictures of the plaintiff and of the chauffeur of her husband as excerpted from the photograph of five persons including the husband of the plaintiff, standing in front of his airplane. The pictures with the accompanying and explanatory printed words are of such nature as to warrant a finding that they are defamatory. It might be found in the circumstances of the publications that reasonable persons would be likely to interpret them in a libellous sense. They tended or might reasonably be found to tend to expose the plaintiff to contempt, to blacken her reputation or to bring her into disrepute, because of the implications of improprieties between her and the chauffeur. It is not necessary that the charge of indiscretions or want of chastity be direct and explicit; but anything fairly imputing immorality is actionable. Words, pictures or signs, singly or in combination, understood as mankind in general would understand them, conveying such an imputation render the publication libelous. "An insinuation may be as actionable as a direct statement . . . . In libel it is enough, whatever the form, that the manifest tendency of the words is seriously to hurt the plaintiff's reputation." *Haynes* v. *Clinton*

*Printing Co.* 169 Mass. 512, 513. *Clark* v. *Binney*, 2 Pick. 113, 115. *Goodrich* v. *Davis*, 11 Met. 473, 481. *Craig* v. *Proctor*, 229 Mass. 339, 340. *Tolley* v. *J. S. Fry & Sons, Ltd.* [1931] A. C. 333, 338, 339, 342, 344.

The allegations of counts 3 and 6 plainly constitute a charge of libel. While the allegations of counts 2 and 5 are somewhat less conventional in form, they are adequate to set forth a cause of action sounding in libel.

2. The question whether there is under the law of this Commonwealth any such right of privacy as is invoked by the plaintiff in counts 1 and 4 has never arisen in this court. This is an action at law. It is not grounded on any statute. It is not a suit in equity. It rests exclusively on the common law. The plaintiff contends that at the common law she has a right to be free from every unauthorized interference with her seclusion from the public, a right to be let entirely alone and not be made the subject of publicity so far as concerns any printed reproduction of a photograph of her features and person. There have been diverse decisions in other jurisdictions as to the existence of such right at the common law.*  In the decision of the case at bar it is not necessary to pass upon these conflicting views touching the existence at the common law of the right of privacy upon which the plaintiff rests in counts 1 and 4. If the existence of such right be assumed for the purposes of this decision but for no other purpose, allegations of these counts do not set forth a cause of action.

The plaintiff's allegations show that the picture of which she complains was not taken surreptitiously or without her knowledge and consent. On the contrary she voluntarily posed for it as one of the party of five. The picture was taken at an airport which is presumably a public place. *Smith* v. *New England Aircraft Co. Inc.* 270 Mass. 511, 515. She had no property in the negative or the photographs

* The right is denied in *Roberson* v. *Rochester Folding Box Co.* 171 N. Y. 538, 545; *Kimmerle* v. *New York Evening Journal, Inc.* 262 N. Y. 99, 102; *Henry* v. *Cherry & Webb*, 30 R. I. 13; *Hillman* v. *Star Publishing Co.* 64 Wash. 691; *Atkinson* v. *John E. Doherty & Co.* 121 Mich. 372; *Corelli* v. *Wall*, 22 T. L. R. 532; and it is upheld in *Pavesich* v. *New England Life Ins. Co.* 122 Ga. 190; *Foster-Milburn Co.* v. *Chinn*, 134 Ky. 424, 432; *Edison* v. *Edison Polyform & Manuf. Co.* 3 Buch. 136, and *Kunz* v. *Allen*, 102 Kans. 883.

printed from it because it is alleged that she made no contract or arrangement concerning it, but believes that it was taken through a contract or arrangement made with her husband. One who under the conditions disclosed in these counts poses for a photograph has no right to prevent its publication. It was not taken at the plaintiff's request or for her benefit. She neither paid nor agreed to pay anything for it. There is nothing to indicate that so far as the plaintiff was concerned it was taken for a private use or a restricted purpose. Title to the photograph was not in the plaintiff but in some other person. The circumstances imposed no express or implied limitation by the plaintiff upon its publication by the person owning it. The contention of the plaintiff in substance is that, although she had no property right in the picture itself and the defendant may have rightly obtained property right in it and the right to publish it, so far as the owner of the tangible basis for a picture can transfer it, yet she has an absolute right not to have it published in the circumstances disclosed without her consent. That contention cannot be supported. The question before us is strictly confined to this point. It does not relate to violations of privacy which would involve acts in the nature of nuisance, or which are appropriation of the photographic reproduction for purposes of advertisement. Questions of that nature may be dealt with when they arise. It follows that counts 1 and 4 set out no cause of action.

*Orders sustaining demurrer to counts 1 and 4 and over-ruling demurrer to counts 2, 3, 5 and 6 affirmed.*