ARTHUR C. GOSS, JUNIOR, *vs.* THE NEEDHAM CO-OPERATIVE
BANK.

Suffolk.    October 7, 1942. — October 28, 1942.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Libel and Slander.*

Publication by a coöperative bank in a newspaper in a community where
the owner of a dwelling house lived of an advertisement signed by it
containing a picture of the dwelling house and the statement, "An
important question 'To rent or to own'— change a house into a
home by owning it — we will help you decide how," with evidence
that the house had not been mortgaged to the bank and that readers
drew the inference that the bank was offering the house for sale after
having acquired it upon a foreclosure, might be found to be a libel of
the owner by the bank.

TORT.    Writ in the Superior Court dated February 21,
1940.

The action was tried before *O'Connell,* J.

*E. O. Proctor,* for the defendant.

*R. Clayton,* for the plaintiff.

LUMMUS, J.    This is an action for libel, based upon an
advertisement inserted by the defendant in a newspaper
called The Needham Chronicle, published in Needham,
where the plaintiff lived.  The advertisement consisted of a
picture of the plaintiff's house, and beneath it these words:
"An important question 'To rent or to own' — change a
house into a home by owning it — we will help you decide
how — The Needham Co-operative Bank   Amos H. Shep-
herdson, Treasurer."   At the conclusion of the evidence,
the judge denied the defendant's motion for a directed ver-
dict, and the defendant excepted to such denial.  The jury
returned a verdict for the plaintiff.  The case comes here on
the defendant's exceptions to the denial of its motion, and
to the denial of four requests presented by the defendant
which raised no point not covered by the motion.

In *Ingalls* v. *Hastings & Sons Publishing Co.* 304 Mass.

31, 33, it is pointed out that "a writing is a libel if, in view of all relevant circumstances, it discredits the plaintiff in the minds, not of the court . . . nor of wise, thoughtful and tolerant men, nor of ordinarily reasonable men, but of any 'considerable and respectable class in the community.' " *Fahy* v. *Melrose Free Press Inc.* 298 Mass. 267. *Streeter* v. *Eldridge*, 311 Mass. 180, 182. It is not essential to a libel that any wrongdoing or bad character be imputed to the plaintiff. *Themo* v. *New England Newspaper Publishing Co.* 306 Mass. 54, 56, 57.

In the present case readers of the newspaper might well draw the inferences, as upon the evidence many of them could be found to have done, that the defendant was offering the house for sale and that it had acquired it upon a foreclosure due to the plaintiff's financial inability to perform his obligations. The plaintiff testified that the defendant had no mortgage upon the house. Although inability to meet one's obligations does not necessarily show want of good character, it may lower one in the estimation of the community. *Cox* v. *Lee*, L. R. 4 Ex. 284, 288. *Katapodis* v. *Brooklyn Spectator, Inc.* 287 N. Y. 17; 137 Am. L. R. 910, 913. There was no error in permitting the case to go to the jury.

*Exceptions overruled.*