FRANK ANTHONY *vs.* WILLIAM BARSS
(and a companion case[1]).

Worcester.   October 9, 1963. — November 1, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, SPIEGEL,
& REARDON, JJ.

*Libel and Slander.   Pleading, Civil,* Demurrer.   *Words,* "Distortion."

In an action for libel by the proprietor of a newspaper with a declaration
based on a letter sent by the defendant to the plaintiff's advertisers con-
taining statements implying that the plaintiff did not have a "proper
regard for facts" in the presentation of the news and was guilty of "dis-
tortion" of facts, such statements could not be said to be incapable of
any defamatory meaning, and it was error to sustain a demurrer to the
declaration.

TWO ACTIONS OF TORT.   Writs in the Superior Court dated
August 28, 1962.

The actions were heard on demurrers by *Vallely,* J.

*John G. Kottis* for the plaintiff.

*Richard S. McCabe* for the defendants.

WILKINS, C.J.   In these two actions of tort for libel the
declarations are identical.   In each a demurrer was sus-
tained on the ground that no legal cause of action was
stated.   The plaintiff appealed.

We summarize the allegations of the declarations.   The
plaintiff was the owner, editor, and publisher of a news-
paper with news and editorial coverage, containing regular
advertising from business establishments, called "Fron-
tier," and circulated in Worcester and Middlesex counties.
The defendant "falsely and maliciously wrote and pub-
lished of the plaintiff and his publication" a letter, which
was sent to all the advertisers, which read:

"June 20, 1962

Sir: We have noticed your ad in Mr. Frank Anthony's cir-
cular Frontier.   Perhaps, in the pressure of business, you
have not had time to examine the editorial content of Fron-

---

[1] The companion case is by the same plaintiff against Connie Barss.

tier, or to question whether the editor's motive is to enlighten or merely to irritate his readers. Nothing is more irritating than a presentation of the news (item or editorial) compiled without proper regard for facts. Do you believe that irritating advertising is the best way to keep customers and contact new ones? We believe that Mr. Anthony's readers are perceptive enough to discern his lack of objectivity. A lasting relationship between an advertiser and his customer is based on truth, not distortion. We suggest that you seriously consider whether you wish your name to be associated with a publication of this type." The charges and statements were false and, by reason of their publication, the plaintiff's reputation in his profession and his reputation and standing in the community "as a publisher, as a businessman, and as a man" were damaged.

In this action for libel the difficulty, as usual, lies in the application to facts of well settled law. See *Muchnick* v. *Post Publishing Co.* 332 Mass. 304, 305–306. A demurrer cannot be sustained unless the words are incapable of any defamatory meaning. *Ingalls* v. *Hastings & Sons Publishing Co.* 304 Mass. 31, 34. The test is whether, in the circumstances, the writing discredits the plaintiff in the minds of any considerable and respectable class of the community. *Stanton* v. *Sentinel Printing Co.* 324 Mass. 13, 14. The statement that "the news (item or editorial) [was] compiled without proper regard for [the] facts," standing alone, might not have such an effect. It is common knowledge that many newspapers of today are published with an eye mainly to speed and are frequently fraught with error. Surely such a statement should not be regarded as defamatory. The letter, however, goes on to state that a "lasting relationship between an advertiser and his customer is based on truth, not distortion." The plaintiff urges that this is an accusation that he is "a liar and a distorter of facts in publishing his newspaper." The antithesis is not expressly between truth and falsehood, but between truth and distortion. Distortion, however, has been defined as a "wresting from the true meaning; perversion," and as

"an altering or perverting that essentially falsifies true or accurate facts or true significance." In other words, distortion is an intentional act which leads to a falsification and departure from the facts. Since the tribunal of fact might reach this conclusion, we cannot say that these words from the letter are incapable of a defamatory meaning. See *Boston Nutrition Soc., Inc.* v. *Stare,* 342 Mass. 439, 442–443.

<em>Orders sustaining demurrers reversed.</em>