*Norman P. Mamber,* pro se.

*Steven J. Comen* for the defendant.

ANTHONY D. RICCIARDI & others *vs.* EDWARD A. LATIF & another. February 28, 1975. On the ground that the words published were not reasonably capable of defamatory meaning, the court below sustained a demurrer to this libel declaration, which alleged that the plaintiffs, who are in the business of road paving and asphalt manufacturing, discussed with the defendants, who are retailers of cheese, the sending of gift packages to the plaintiffs' customers as Christmas presents; that notwithstanding the absence of any agreement to that effect (or alternatively notwithstanding its lawful cancellation) the defendants sent such gift packages to sixty-five such customers; and that thereafter the defendants sent the same customers letters informing them that the plaintiffs refused to pay for the gifts and suggesting, among other things, that they ask the plaintiffs to do so. Words are libellous "which would tend to hold the plaintiff up to scorn, hatred, ridicule or contempt, in the minds of any considerable and respectable segment in the community. *Ingalls* v. *Hastings & Sons Publishing Co.* 304 Mass. 31 (1939)." *Stone* v. *Essex County Newspapers, Inc.* 365 Mass. 246, 250 (1974). An imputation of a person's failure to meet his financial obligations may discredit him in the estimation of the community. See *Goss* v. *Needham Co-operative Bank,* 312 Mass. 309, 310 (1942). Words

which cast aspersions upon a businessman's or business corporation's honesty, credit or business character may be actionable. Prosser, Torts, 745 (4th ed. 1971). Harper & James, Torts, § 5.2, pp. 357-358 (1956). The same is true of any unreasonably promiscuous publication of one's refusal to pay a debt. *Ibid.*

*Order sustaining demurrer reversed.*

*Richard Eric Teller* for the plaintiffs.
*Michael N. Abodeely, Jr.,* for the defendants.