BONNIE LEE SMITH vs. SUBURBAN RESTAURANTS, INC.

Norfolk. December 5, 1977. — March 3, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, WILKINS, & LIACOS, JJ.

*Libel and Slander.*

In an action for libel against a corporation operating a restaurant business, a letter sent to the plaintiff and to the local police department, advising the plaintiff that because of her conduct she was no longer permitted in the defendant's restaurant and describing her previous acts as intrusions and any similar future conduct as a trespass, was capable of a defamatory meaning. [529-531]

In a libel action based on a letter sent by the defendant's attorney to the plaintiff with a copy to the local police department, the facts considered on a motion for summary judgment did not establish the defendant's claim of privilege as matter of law. [531]

CIVIL ACTION commenced in the Superior Court on May 26, 1976.

A motion for summary judgment was heard by *Bennett, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Alexander Whiteside, II,* for the plaintiff.
*Reginald L. Marden* for the defendant.

WILKINS, J. The plaintiff in this action for libel appeals from the allowance of the defendant's motion for summary judgment. The only facts properly considered as established on this motion for summary judgment are those admitted in the defendant's answer and those set forth in the only affidavit filed, that of the defendant's treasurer. Mass. R. Civ. P. 56 (c), (e), 365 Mass. 824 (1974). See *Community Nat'l Bank* v. *Dawes,* 369 Mass. 550, 553 (1976). We agree with the judge that these facts do not support the defendant's

claim of a privilege, but we disagree with his conclusion that the letter sent by the defendant's counsel could not be libellous.

The defendant conducts a restaurant business in Walpole under the name of "Thackeray's." On or about April 5, 1976, the defendant authorized Mr. Reginald L. Marden, acting as its agent and attorney, to send a letter to the plaintiff and a copy of that letter to the police department of the town of Walpole. The letter, written under the attorney's letterhead, was addressed to the plaintiff at a post office box in East Walpole and shows copies sent to the "Walpole Police Department" and "Thackery's" (*sic*). The letter reads as follows:

"Dear Ms. Smith:

Please be advised that this office represents the above named Suburban Restaurants Inc. We have been advised that due to your actions you are no longer welcome on the property of our client and have been so advised in the past.

This is to formally advise you that you are no longer invited, permitted, or licensed to enter upon said premises located at the Walpole Mall or elsewhere. Any further intrusions upon said premises by yourself, your agents, servants, or employees shall be considered a trespass. If such trespass should occur, this office has been instructed to proceed with appropriate legal action.

> Very truly yours,
> /s/ Reginald L. Marden
> Reginald L. Marden"

1. Words may be libellous unless they "cannot be reasonably understood in a defamatory sense, or, to express it in another way, unless they are incapable of a defamatory meaning. The test is whether, in the circumstances, the writing discredits the plaintiff in the minds of any considerable and respectable class of the community." *Muchnick* v. *Post Publishing Co.*, 332 Mass. 304, 305-306 (1955). See *Anthony* v. *Barss*, 346 Mass. 401, 402 (1963). Here, the

question is whether the words in the letter would tend to injure the plaintiff's reputation in the community and expose her to hatred, ridicule, and contempt. *Muchnick v. Post Publishing Co., supra* at 306. A publication may be libellous even if no wrongdoing or bad character is imputed to the plaintiff. *Goss v. Needham Co-op. Bank,* 312 Mass. 309, 310 (1942). If a publication is susceptible of both defamatory and harmless meanings, it presents a question for the trier of fact and cannot be ruled non-libellous as matter of law. *Sharratt v. Housing Innovations, Inc.,* 365 Mass. 141, 143 (1974). *Mabardi v. Boston Herald-Traveler Corp.,* 347 Mass. 411, 413, 414 (1964). Inferences which might be drawn by a considerable and respectable segment of the community can make a publication actionable. *Id.* at 414. *Poland v. Post Publishing Co.,* 330 Mass. 701, 704 (1953). *Thayer v. Worcester Post Co.,* 284 Mass. 160, 162 (1933). Cf. *Colby Haberdashers, Inc. v. Bradstreet Co.,* 267 Mass. 166, 170-171 (1929). Words may be actionable even if they do not tend to damage a plaintiff's reputation or hold him up to ridicule in the community at large or among all reasonable people; it is enough to do so among a considerable and respectable class of people. *Sharratt v. Housing Innovations, Inc., supra* at 145.

The letter sent by the defendant's attorney might be viewed by a trier of fact as discrediting the plaintiff in the minds of a considerable and respectable segment of the community. We cannot rule as matter of law that it could not be so viewed. The letter states that the plaintiff engaged in particular conduct which the defendant believed justified instructing the plaintiff that she was no longer permitted in the defendant's restaurant. Her previous acts were described as intrusions, and any similar future conduct was characterized as a trespass. The inference is warranted that the defendant was a licensed common victualer and operated a place of public accommodation. A place of public accommodation, as members of the community might know, has an obligation to treat each member of the public equally, except for good cause. See G. L. c. 272, §§ 92A, 98;

*Commissioner of Corps. & Taxation* v. *Chilton Club,* 318 Mass. 285, 290 (1945). The fact that the defendant regarded the plaintiff's potential future conduct as a subject worthy of notice by the police may warrant an inference that the plaintiff engaged in or was threatening to engage in behavior which would make their services necessary. From the entire letter and the inferences which might reasonably be drawn from it, a jury might conclude that the letter was defamatory. Summary judgment should not, therefore, have been entered for the defendant on the ground that the letter was incapable of a defamatory meaning.

2. On the limited facts properly considered on this motion for summary judgment, the defendant has not established that it was privileged to send a copy of the letter to the police. At the trial, the facts may establish that the defendant was so privileged. The absolute privilege of an attorney to publish false and defamatory matter in communications preliminary to a proposed judicial proceeding applies only where the proceeding is contemplated in good faith and is under serious consideration. *Sriberg* v. *Raymond,* 370 Mass. 105, 108-109 (1976). Here, there is no indication that the attorney seriously contemplated a judicial proceeding in good faith. Apparently, no judicial proceeding was intended unless the plaintiff engaged in some future conduct. There are circumstances where a good faith communication of certain information to law enforcement personnel is conditionally privileged,[1] but the undisputed facts do not show that any privilege was available to the

---

[1] See *Hutchinson* v. *New England Tel. & Tel. Co.,* 350 Mass. 188, 191 (1966); *Robinson* v. *Van Auken,* 190 Mass. 161, 166 (1906); Restatement (Second) of Torts §§ 594, 598 (1977); W. Prosser, Torts §§ 114, 115 (4th ed. 1971); 1 F. Harper & F. James, Torts § 5.26, at 442-444 (1956).

Under § 120 of G. L. c. 266, as amended through St. 1974, c. 109, a person who, without right, enters a building "after having been forbidden so to do by the person who has the lawful control of said premises, either directly or by notice posted thereon," is guilty of a crime. On the limited facts available for our consideration, we cannot say that sending a copy of the full text of the letter to the police was privileged as a reasonable assertion of any rights of the defendant under G. L. c. 266, § 120.

defendant's attorney as matter of law. Summary judgment properly was denied on the claim of privilege.

*Summary judgment reversed.*