Ronald S. RUDNICK, Individually and as Trustee of CRAIGVILLE BEACH NOMINEE TRUST, Plaintiff

vs.

Krystyna A. ZELECHOWSKI
Defendant

No. 41361

Superior Court
Commonwealth of Massachusetts

November 24, 1981

not made about, with regard to, or concerning (the plaintiffs)", that the plaintiffs' amended complaint fails to allege damages to the plaintiff Trustee, that the individual plaintiff has no standing to bring this action, and that the fact that the statement purportedly made was published to the Town of Barnstable Board of Selectmen constitutes an absolute privilege.

**Facts**

The plaintiff's amended complaint alleges that the plaintiff Trustee on June 2, 1981 acquired by purchase premises situated in the Town of Barnstable known as the "Suni Sands Cottage Colony". The amended complaint alleges further that on June 9, 1981, as reported in the **Barnstable Patriot**, dated June 11, 1981, at a meeting of the Town of Barnstable Board of Selectmen, in referring to purported possible conversion of the Colony from a motel use to a residential use, the defendant stated "...that the cesspools (at the ony) are pumped as much as once a week in the summer". The plaintiff claims that he individually and as Trustee of the Trust who purchased the Colony has been libeled and has had his property disparaged.

**Rulings of Law and Memorandum of Decision**

The defendant argues first that her statement was not defamatory as a matter of law. I disagree. "Words may be libellous unless they cannot be reasonably understood in a defamatory sense, or, to express it in another way, unless they are incapable of a defamatory meaning. The test is whether, in the circumstances, the (words) discredit the plaintiff in the minds of any considerable and respectable class of the community". **Smith v. Suburban Restaurants, Inc.,** 374 Mass. 528, 529 (1979); **Muchnick v. Post Publishing Co.,** 322 Mass. 304, 305-306 (1955). Moreover, a publication may be libellous even if no wrong-doing or bad character is imputed to the plaintiff. **Goss v. Needham Co-op Bank,** 312 Mass. 309, 310 (1942). If a publication is susceptible of both a defamatory and a harmless

**Allan A. Green,** counsel for plaintiff.
**Kevin W. Gaughen,** counsel for defendant.

**RULINGS, ORDER and MEMORANDUM OF DECISION on the DEFENDANT'S MOTION TO DISMISS (as amended)**

**Introduction**

In the above referred-to motion, made pursuant to Mass. R. Civ. P. 12(b)(6), the defendant argues that the statement which she purportedly made and which precipitated this action "is not defamatory as a matter of law" and "was

meaning, it presents a question for the trier of fact and cannot be ruled nonlibellous as a matter of law. **Sharratt v. Housing Innovations, Inc.**, 365 Mass. 141, 143 (1964). Here, the statement at issue may mean simply, as the defendant suggests in her memorandum, that the cesspools are pumped as required. However, the defendant's statement may also be taken to derogate the state of repair of the premises and to suggest that the business is conducted badly. See, **Finnish Temperance Society Sovittja v. Socialist Pub. Co.** 238 Mass. 345, 354 (1921). Since such a statement might well discredit a plaintiff in the minds of a considerable and respectable class of the community, it cannot be concluded as a matter of law that the statement is not defamatory.

The defendant next argues that the statement, even if defamatory, was not made about, with regard to, or concerning the plaintiff either individually or in his representative capacity.[1] Again, I disagree. In an action for libel the plaintiff must allege and prove that the words were spoken of and concerning the plaintiff. **Hanson v. Globe Newspaper Co.**, 159 Mass. 293, 294 (1893) (Holmes, J. dissenting). Relying on the majority view in **Hanson, supra** at 288, that the subjective intention of the defendant is determinative of whether the words spoken concerned the plaintiff, the defendant claims that since she was unaware that the plaintiff owned the premises as Trustee of his Nominee Trust, she could not have intended that her statement apply to the Trust. The defendant also argues that under an objective test the statement does not concern the plaintiff (see, **Hanson, supra** at 299-305) because the statement could refer only to seasons prior to 1981 and therefore before the acquisition of the premises by the plaintiff as Trustee. The plaintiff, however, points out that the Trust had been conducting the business of the Colony openly since June 2, 1981. In response, whether a statement concerns a particular person or entity is generally a question for the trier of fact, **Hubbard v. Allyn**, 200 Mass. 166,

171 (1908), and nothing argued here warrants departure from that general rule. Whether the statement made concerned the plaintiff as an individual presents a closer question. As a general rule, partners in partnerships and officers and directors of unincorporated associations may not recover on their own behalf for defamation of the partnership or association. **Finnish Temperance Society Sovittja, supra** at 354. This general rule does not apply, however, where such persons have been personally defamed, **id.**, or where the words are such that in view of the connection between the organization and the individual it appears both are defamed. Prosser, Law of Torts, section 111 at 745 (1971). Although there is some question as to whether the defendant's statement factually concerns the plaintiff as an individual, keeping in mind the standard which governs motions to dismiss, it cannot be said that "it appears to a certainty that (the plaintiff would be entitled to no relief under any state of facts which could be proved..." 6 M.P.S., section 12.12. In sum, it cannot be found at this stage of the proceedings that the defendant's statement does not concern the plaintiff as an individual.

The defendant next argues that the amended complaint fails to allege a necessary element of injury to the reputation of the plaintiff Trustee and, therefore, the plaintiff's claim with respect to him in his representative capacity must be dismissed. This argument fails because it misconstrues the nature of defamation. A false statement of fact is defamatory precisely because of the injury which it inflicts on reputation. **Muchnick, supra** at 305-306. Here the plaintiff has alleged that the statement is defamatory and has brought the action on behalf of the Trust. Although the amended complaint does not in terms specifically state that the business reputation of the Trust has been injured, that

---

1. The defendant makes the same argument with respect to the plaintiff's claim that his property was disparaged by the statement. The ruling set out above regarding the plaintiff's libel claim is equally applicable to the disparagement of property claim.

implication is clear. In any event failure to include a necessary factual element of a cause of action will support a motion to dismiss only where it is certain that no relief is warranted under any state of facts which could be proved. 6 M.P.S., section 12.12 at 302.

· The defendant next apparently argues that since the plaintiff has not personally been defamed he has no standing as an individual to sue. Since this court is un-willing, as discussed above, to dismiss this action with respect to the plaintiff as an individual at this stage of the pro-ceedings, this argument cannot be main-tained. The defendant also contends that the plaintiff may not maintain his disparagement of property action on the asserted ground that the Trust is the owner of the premises and it is a separate legal entity. That argument is incorrect as a matter of law. Although by statute, G.L.c. 182, section 6, a business trust may be sued, nevertheless it is not a separate legal entity. **Larson v. Sylvester,** 282 Mass. 352, 359 (1933). It is the trustee who holds legal title and acts, albeit sub-ject to fiduciary obligations. **Larson, supra** at 357.

The defendant's final argument is that her statement was made before a quasi-judicial body and is therefore absolutely privileged. I again disagree. As the defen-dant concedes, Massachusetts has not yet addressed the issue of whether statements made by speakers before municipal boards are privileged either absolutely or conditionally. Preliminari-ly, I reject the defendant's contention that the Board of Selectmen is a quasi-judicial body because its function generally is legislative. Prosser, Law of Torts section 114 at 777-782 (1971). Although whether an absolute or condi-tional privilege attaches to statements made before a municipal council perfor-ming a legislative function the holdings of two Massachusetts cases are instructive. See, **Wright v. Lothrop,** 149 Mass. 385 (1889) (statement by witness before a legislative committee considering pro-spective legislation); **Smith v. Higgins,** 82 Mass. 251 (1860) (statement by a citizen at a town meeting on an item of legisla-tion before it). In both of these cases a conditional privilege was afforded to the statements made. This view is in accord with the majority view that a conditional privilege only extends to proceedings before municipal bodies. Prosser, Law of Torts section 114 at 782 (1971). In light of those cases and of the weight of authori-ty, I find that a conditional privilege and not an absolute privilege attached in the circumstances presented. Because a con-ditional privilege does not offer complete immunity but may be defeated, dismissal of this action as a matter of law on this ground would be in error.

### ORDER

For the reasons set out above it is ORDERED that defendant's motion to dismiss is denied.

**Paul G. Garrity**
**Justice of the Superior Court**