NOTICE:   Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1105

AMY O'HARA & another[1]

vs.

CITY OF REVERE & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This interlocutory appeal arises out of a lawsuit alleging workplace gender discrimination within the Revere police department and related claims.  One defendant, Paul Capizzi, the solicitor for the city of Revere, appeals the denial of a motion to dismiss as to the two counts of the plaintiffs' complaint against him (counts 5 and 7) under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).[3]  He argued that his alleged acts were protected by either the litigation privilege or common-law

_____

[1] Michelle Mangino.

[2] David Callahan, Regina Ryan, and Paul Capizzi.

[3] Although the first amended complaint also alleged claims against the city of Revere and two other individuals, this interlocutory appeal concerns only Capizzi.

immunity.[4]  A Superior Court judge found that, at this stage, Capizzi's arguments fail.  We affirm.

Background.  "We summarize the factual allegations set forth in the complaint and in the undisputed documents incorporated by reference in the complaint."  Osborne-Trussell v. Children's Hosp. Corp., 488 Mass. 248, 250 (2021).  We "accept[] as true all well-pleaded facts alleged in the complaint."  Id. at 253, quoting Ryan v. Mary Ann Morse Healthcare Corp., 483 Mass. 612, 614 (2019).

The plaintiffs, Amy O'Hara and Michelle Mangino, are captains in the Revere police department.  In 2020, Revere Mayor Brian Arrigo appointed defendant David Callahan to the position of police chief without considering any other applicants. Thereafter, Callahan repeatedly reassigned duties from O'Hara and Mangino to lower-ranked male officers.  In general, O'Hara and Mangino claim to have experienced gender discrimination in various ways, including differential treatment in social environments, in pay discrepancies, and in workplace recognition.  The plaintiffs alleged that Callahan directed and facilitated this discrimination.

---

[4] Capizzi only seeks interlocutory review of the rulings on these two arguments.  His remaining argument raised in the motion -- that he is entitled to conditional privilege -- is not before us.

2

On September 15, 2022, Mangino, on behalf of herself and O'Hara, reported Callahan's discriminatory conduct to Revere's human resources department.  Following that report, Revere retained Regina Ryan to investigate the plaintiffs' allegations. On April 6, 2023, before Ryan's investigative report was completed, the plaintiffs each filed separate but similar charges of gender discrimination and retaliation against Callahan and Revere with the Massachusetts Commission Against Discrimination (MCAD).

Meanwhile, Ryan conducted interviews with Mangino and O'Hara beginning in November 2022.  After Mangino objected to having her interview recorded, Ryan assured her that the recording would not be produced to the city or any other party unless mandated by a legal body or subpoena, and that Mangino's counsel would be informed before any release was made.  Ryan offered the same assurances to O'Hara.

On or before May 30, 2023, Ryan's final report was released to Capizzi.  Capizzi sent the report in an e-mail message to the plaintiffs, their respective counsel, and the president of the Revere Police Superior Officers Union, Sergeant Joseph Internocola.  The report included all the exhibits and interviews Ryan had attached, unredacted copies of the plaintiffs' MCAD charges, and the plaintiffs' home addresses,

3

personal phone numbers, and e-mail addresses. Anyone who received the report could immediately access the exhibits because none of it was password protected. The recordings of O'Hara's and Mangino's interviews were in the report, along with video recordings of interviews conducted via Zoom. Ryan had not advised either plaintiff that she was video recording the Zoom interviews.

The plaintiffs filed their first amended complaint on October 17, 2023. Capizzi and two other defendants filed a motion to dismiss counts 5 (defamation) and 7 (interference with business or contractual relations), and other counts not relevant here, on December 8, 2023. In support of the dismissal of those counts as to him, Capizzi argued that his alleged acts were protected by (1) the litigation privilege, (2) common-law immunity, and (3) conditional privilege. The plaintiffs opposed dismissal of those counts. On July 19, 2024, the judge denied the motion to dismiss as to counts 5 and 7 as against Capizzi. Capizzi appeals from so much of the order as denied his request to dismiss the claims against him under the litigation privilege and common-law immunity.

Discussion. "We review the denial of a motion to dismiss de novo." Pettiford v. Branded Mgt. Group, LLC, 104 Mass. App.

4

Ct. 287, 290 (2024).  See Mass. R. Civ. P. 12 (b) (6).  We affirm.

1.  <u>Litigation privilege</u>.  The litigation privilege protects an attorney from liability for publishing false and defamatory matter when publication is "in the institution of, or during the course and as a part of a judicial proceeding in which he participates as counsel, if it has some relation thereto."  <u>Sriberg</u> v. <u>Raymond</u>, 370 Mass. 105, 108 (1976).  The privilege also protects statements made "in communications preliminary to a proposed judicial proceeding."  <u>Id</u>.  As the judge here correctly found, "[n]othing in Plaintiffs' complaint indicates that Capizzi's email was made in the course of negotiations or as a statement of the City of Revere's legal position."  Additionally, "nothing in Capizzi's email suggests that the email related to either Plaintiffs' MCAD filings or the present litigation."  See <u>id</u>. at 109 ("This [privilege] is subject to the provisions that such proceeding is not to be employed as a shield of immunity for defamation where there is not serious consideration of suit").  See also <u>Smith</u> v. <u>Suburban Restaurants, Inc</u>., 374 Mass. 528, 531-532 (1978) (attorney not entitled to privilege where "there is no indication that the attorney seriously contemplated a judicial proceeding in good faith").  Taking the facts alleged by the plaintiffs as true and

5

resolving all inferences in their favor, the judge properly concluded that, based on the pleadings at this stage, the litigation privilege did not apply.

2. Common-law immunity. Under common-law immunity, "a public official, exercising judgment and discretion, is not liable for negligence or other error in the making of an official decision if the official acted in good faith, without malice, and without corruption." Nelson v. Salem State College, 446 Mass. 525, 537 (2006). The plaintiffs alleged that Capizzi's actions were done "out of retaliatory animus and a spiteful purpose"; as the judge properly noted, at least at this early stage of litigation, that was sufficient to allege Capizzi's decision was not "in good faith, without malice, and without corruption." Id. Accordingly, the judge also properly concluded that Capizzi's claim of common-law immunity fails at this early stage.

Conclusion. So much of the order entered July 19, 2024, as denied the motion to dismiss the claims against Capizzi under

the litigation privilege and common-law immunity is affirmed.

So ordered.

By the Court (Vuono, Henry &
Wood, JJ.[5]),

*Paul Little*

Clerk

Entered:  July 11, 2025.

---

[5] The panelists are listed in order of seniority.

7